# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Peter Mwithiga,

                Plaintiff(s),

vs.

Office J Pierce, *et al*.,

                Defendant(s).

2:23-cv-01330-GMN-MDC

**Order**

Before the Court is *pro se* plaintiff Peter Mwithiga's *Motion for Extension of Time to Effectuate Service of Process on Defendants* ("Motion") (ECF No. 15). Plaintiff requests an additional sixty (60) days to effectuate service upon the defendants. Plaintiff's Motion is granted in part and plaintiff is ordered to complete service by **Monday July 8, 2024**.

## **DISCUSSION**

On August 28, 2023, plaintiff filed his Complaint (ECF No. 2-1) along with his *Application to Proceed In Forma Pauperis* ("IFP") (ECF No. 2). Plaintiff's IFP application was denied, and he was ordered to file a new IFP or pay the filing fee by October 13, 2023. ECF No. 5. On September 27, 2023, plaintiff objected (ECF No. 6) to the Court's Order; however, on October 16, 2023, plaintiff paid the full filing fee (ECF No. 8). On March 29, 2024, the district judge denied plaintiff's Objection as moot. ECF No. 10.

The deadline for plaintiff to complete service was January 15, 2024. ECF No. 11.[1] On April 2, 2024, plaintiff was granted 45-days to file either an affidavit of service or a motion to request extension. *Id*. The deadline to do so was May 17, 2024. *Id.* On May 16, 2024, plaintiff filed a motion for extension

---

[1] Pursuant to the Federal Rules of Civil Procedure 4(m), the time to complete service is 90-days after the complaint has been filed. The ninety (90) day limit to serve defendants began to run when plaintiff paid the filing fee on October 16, 2023. *See Davis v. Clark County Sch. Dist*., 2013 U.S. Dist. LEXIS 16781, at *7 (D. Nev. Feb. 6, 2013) (citing *Robinson v. America's Best Contacts & Eyeglasses*, 876 F.2d 596, 598 (7th Cir. 1989) (complaint deemed filed when IFP request ruled upon, and fee paid)). Pursuant to Nevada Rules of Civil Procedure 4(e), plaintiff had 120-days to complete service; however, plaintiff still failed to complete service by the 120-day deadline which was Tuesday, February 13, 2024.

(ECF No. 15). Plaintiff asserts that he attempted to serve defendants by certified mail and requests and additional 60-days to complete service. ECF No. 15. Defendants oppose the motion, arguing that certified mail is ineffective service and plaintiff has failed to demonstrate good cause or excusable neglect. ECF No. 17.

The Court acknowledges defendants' argument, but also takes into consideration plaintiff's *pro se* status and attempt, albeit ineffective, at completing service. Therefore, plaintiff's Motion is granted in-part. Plaintiff is encouraged to familiarize himself with Rule 4 of the Federal Rules of Civil Procedure and Nevada Rules of Civil Procedure. Plaintiff is cautioned that he "cannot serve an individual or nongovernmental company by certified mail under either federal or Nevada law." *Hayes v. GKS Dev., Inc.*, 2024 U.S. Dist. LEXIS 39787, at *2, 2024 WL 894676 (D. Nev. March 1, 2024) (internal citations omitted).

ACCORDINGLY,

**IT IS ORDERED that:**

1. The *Motion for Extension of Time to Effectuate Service of Process on Defendants* (ECF No. 15) is GRANTED in part.
2. Plaintiff has until **Monday July 8, 2024,** to file his proof of service. Failure to timely comply with the Order may result in a recommendation that this case be dismissed.

DATED this 7th day of June 2024.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.