**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| PETER MWITHIGA,<br><br>                    Pro Se Plaintiff,<br><br>vs.<br><br>OFFICER J. PIERCE, P#17028; OFFICER JAVON CHARLES, P#18078; SHERIFF KEVIN MCMAHILL; LAS VEGAS METROPOLITAN POLICE DEPARTMENT; CITY OF LAS VEGAS, NV and CLARK COUNTY, NV,<br><br>                    Defendants. | Case No.: . 2:23-cv-1330-GMN-MDC<br><br>**ORDER DENYING MOTION TO AMEND AND GRANTING MOTION TO STAY DISCOVERY** |

        The Court has considered the plaintiff's *Motion to For Leave to File [Second] Amended Complaint* (ECF No. 26) ("Motion to Amend") and the *Motion to Stay Discovery* (ECF No. 31) ("Motion to Stay") by defendants Las Vegas Metropolitan Police Department, Officer J. Pierce, Officer Javon Charles, and Sheriff Kevin McMahill.  Defendant the City of Las Vegas joined (ECF No. 38) the Motion to Stay.  For the reasons set forth below, the Court **DENIES** plaintiff's Motion to Amend and **GRANTS IN PART** and **DENIES IN PART** defendants' Motion to Stay.

**I.      PLAINTIFF'S MOTION TO AMEND**

        In his Amended Complaint (ECF No. 4), *pro se* plaintiff Peter Mwithiga asserts various claims arising from a host of different events, involving different parties. Those events include: (1) an August 19, 2021, traffic violation stop by defendant Officer J. Pierce; (2) an unrelated October 29, 2022, traffic accident and resulting police report prepared by defendant Officer Javon Charles; and (3) a November 9, 2022, parking ticket issued by defendant the City of Las Vegas. By his Motion to Amend, Mr. Mwithiga seeks to amend his complaint to remove Clark County, Nevada as a defendant and to assert additional claims for "ongoing lay and wait tactic of issuing parking tickets based on the color and race of the

driver….." *See* ECF No. 26 at p. 2. Mr. Mwithiga's Motion to Amend did not include a copy of his proposed Second Amended Complaint, as required by Local Rule 15-1(a). Instead, Mr. Mwithiga filed a copy of his proposed Second Amended Complaint on July 3, 2023 (ECF No. 35), after defendant the City of Las Vegas filed its opposition (ECF No. 34).   Mr. Mwithiga's proposed Second Amended Complaint (ECF No. 35) includes a new, unrelated event, to wit: a June 13, 2024, parking ticket issued by defendant the City of Las Vegas.

## A.    ANALYSIS

Generally, leave to amend should be freely granted when justice such requires.  Fed. R. Civ. P. 15(a)(2). However, a Court may properly deny leave to amend where the proposed amendment is futile. *Cervantes v. Countrywide Home Loans, Inc.,* 656 F.3d 1034, 1041 (9th Cir. 2011). A proposed amendment is futile when it is subject to dismissal. *Pappy's Barber Shops, Inc. v. Farmers Grp., Inc*., 491 F. Supp. 3d 738, 739 (S.D. Cal. 2020) ("an amended complaint is futile when it would be subject to dismissal") (citation omitted); *Saul v. United States,* 928 F.2d 829, 843 (9th Cir. 1991) ("A district court does not err in denying leave to amend where the amendment would be futile…. or where the amended complaint would be subject to dismissal.") (citations omitted). Mr. Mwithiga's proposed Second Amended Complaint (ECF No. 35) would be subject to dismissal. Primarily, Mr. Mwithiga's proposed amendment does not comply with the Federal Rules of Civil Procedure.

Mr. Mwithiga attempts to add new allegations and claims regarding completely unrelated events. Specifically, he seeks to include claims arising from a parking ticket that allegedly occurred just last month, on June 13, 2024.  Liberally construing Mr. Mwithiga's pleadings, it appears that Mr. Mwithiga alleges the unrelated events to express his felt on-going racial discrimination. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) ("A document filed *pro se* is 'to be liberally construed[.]'"). While the Court is sympathetic to the nature of Mr. Mwithiga's allegations, the Federal

Rules of Civil Procedure do not allow parties to compile an assortment of grievances or wrongs into a single lawsuit.

The Federal Rules of Civil Procedure provide that a plaintiff may add multiple claims to a lawsuit when those claims are against the same defendant. Fed. R. Civ. P. 18(a). The Rules also provide that a plaintiff may add multiple parties to a lawsuit where the right to relief arises out of the "same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A).  Thus, plaintiffs generally may not amend their pleadings to add unrelated claims or new claims that occurred after the original complaint.  *See e.g., Hill v. Marciano,* No. 20-cv-01717-JAD-DJA, 2021 WL 8016909, at *5 (D. Nev. July 30, 2021) ("Hill may not amend the complaint to add unrelated claims against other defendants or new claims or events that took place after the original complaint was filed."); *Langford v. Dzurenda*, No. 19-cv-00010-RCJ-WGC, 2020 WL 1815824, at *1 (D. Nev. Apr. 9, 2020) ("Plaintiff does <u>not</u> have leave to include in the amended complaint any unrelated claims against other defendants, and an amended complaint may <u>not</u> include any allegations concerning events that have transpired since he filed his original complaint.") (emphasis in original); *Wilcox v. Portfolio Recovery Assocs., LLC*, No. 20-cv-01545-JAD-NJK, 2022 WL 1908863, at *3 (D. Nev. June 3, 2022) ("The Wilcoxes may not amend the complaint to add unrelated claims against other defendants, replead claims that were previously dismissed with prejudice, or include new claims based on events that have taken place since the original complaint was filed.").

Here, Mr. Mwithiga's new allegations and claims regarding the June 13, 2024, parking ticket do not manifestly arise out of, or relate to, the "same transaction, occurrence, or series of transactions or occurrences" of his prior complaint.  The Court, therefore, denies Mr. Mwithiga's Motion and leave to file his proposed Second Amended Complaint. If Mr. Mwithiga wishes to pursue these new allegations and claims, he must file a separate complaint under a new case number.

//

## II.    MOTION TO STAY

### A.    APPLICABLE STANDARD

Federal courts have the "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co*., 299 U.S. 248, 254 (1936). "The district court has wide discretion in controlling discovery[.]" *Tradebay, LLC v. eBay, Inc*., 278 F.R.D. 597, 601 (D. Nev. 2011) (citing *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988)). When considering a motion to stay discovery while a dispositive motion is pending, "this court considers the goal of Rule 1 of the Federal Rules of Civil Procedure which directs that the Rules shall 'be construed and administered to secure the just, speedy, and inexpensive determination of every action.'" *Tradebay*, 278 F.R.D. at 602 (*quoting* Fed. R. Civ. P. 1). Thus, the Court may consider staying discovery pursuant to its inherent powers and discretion, together with the goals pronounced by Rule 1.

The undersigned Magistrate Judge previously adopted the pragmatic approach when considering motions to stay discovery because a dispositive motion is pending. *Aristocrat Techs., Inc. v. Light & Wonder, Inc.*, No. 2:24-CV-00382-GMN-MDC, 2024 WL 2302151, at *2 (D. Nev. May 21, 2024). The pragmatic approach considers only the following two elements: (1) if the dispositive motion can be decided without further discovery; and (2) good cause exists to stay discovery. *Id*. Applying the pragmatic approach, the Court denies in part and grants in part defendants' Motion to Stay.

### B.    THE COURT DENIES IN PART DEFENDANTS' MOTION TO STAY AS TO MR. MWITHIGA'S CLAIMS AGAINST DEFENDANT PIERCE

Defendant Pierce moved to dismiss Mr. Mwithiga's claims against him on the grounds that the applicable statute of limitations expired before Mr. Mwithiga filed his complaint. *See* ECF No. 31 at 5, 7; *see also* ECF No. 28 at 2, 7. In considering the first element of the pragmatic approach, defendant Pierce's grounds for dismissal require additional discovery. Mr. Mwithiga raises sufficient issues of fact

that will likely require additional discovery to determine whether Mr. Mwithiga's claims against defendant Pierce were filed before the statute of limitations expired.

The statute of limitations for §1983 claim must be filed within two years of the date when the cause of action accrued, as provided by NRS 11.190(4)(e), and applied in federal actions in Nevada.  *See Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir. 1989); *Rosales-Martinez v Palmer*, 753 F.3d 890, 895 (9th Cir. 2014) (holding that a two-year statute of limitations applies to § 1983 claims). Defendant Pierce argues that the statute of limitations for Mr. Mwithiga's claims against him was triggered August 19, 2021, the date of the traffic stop, and thus expired on August 19, 2023, one month before Mr. Mwithiga filed his complaint on September 11, 2023.

Mr. Mwithiga disputes that the statute of limitation expired and raises several factual issues in support of his dispute. First, Mr. Mwithiga argues that his claim against defendant Pierce is timely when applying the discovery rule. "[F]ederal law determines when a civil rights claim accrues." *Morales v. City of Los Angeles*, 214 F.3d 1151, 1153-54 (9th Cir. 2000).  The discovery rule applicable in federal and civil rights litigation provides that that "a limitations period begins to run when the plaintiff knows or has reason to know of the injury which is the basis of the action."  *Lyons v. Michael & Assocs.*, 824 F.3d 1169, 1171 (9th Cir. 2016) (citations and internal quotation omitted); *see also Morales,* 214 F.3d at 1154 (discovery rule applies to §1983 matters).  Mr. Mwithiga argues he did not know or have reason to know of his injury until October 1, 2021, when defendant LVMPD provided him with the bodycam footage of defendant Pierce, and he discovered his potential claim because defendant Pierce purportedly lacked objectionable, reasonable basis for stopping plaintiff. Thus, the accrual date of Mr. Mwithiga's claims against defendant Pierce is a material issue of fact, necessitating discovery and precluding summary disposition.

Mr. Mwithiga also argues that his claim was tolled as he pursued administrative remedies. *See* ECF No. 43 at 3.  Civil rights claims may be tolled pending a claimant's exhaustion of administrative

remedies.  *See e.g., Lucchesi v. Bar-O Boys Ranch*, 353 F.3d 691, 696 (9th Cir. 2003) (equitable tolling of a § 1983 claim following the filing of an administrative claim); *Wisenbaker v. Farwell*, 341 F. Supp. 2d 1160, 1165 (D. Nev. 2004) (tolling statute of limitations on plaintiff's §1983 claims for the time in which plaintiff was pursuing his administrative remedies). Mr. Mwithiga's arguments are persuasive. Because of the factual issues regarding the triggering of the statute of limitations, discovery is required to respond to defendant Pierce's motion to dismiss and the Court is not convinced that defendant Piece's pending motion to dismiss will succeed. Therefore, the Court finds lack of good cause to stay discovery as to defendant Pierce.

### C.  THE COURT GRANTS IN PART DEFENDANTS' MOTION TO STAY AS TO MR. MWITHIGA'S CLAIMS AGAINST SHERRIFF MCMAHILL, OFFICER CHARLES, AND THE CITY OF LAS VEGAS

The Court grants defendants' motion to stay discovery as to Mr. Mwithiga's claims against defendants LVMPD, Sheriff McMahill, Officer Charles, and the City of Las Vegas. Again, under the pragmatic approach, this Court considered whether (1) the pending dispositive motion can be decided without further discovery; and (2) good cause exists to stay discovery. *Aristocrat Techs., Inc.,* 2024 WL 2302151, at *2.

*Defendants Sheriff McMahill, Officer Charles, and the City of Las Vegas.*

The grounds upon which defendants Sheriff McMahill, Officer Charles and the City of Las Vegas moved to dismiss do not require any discovery (plaintiff did not identify any necessary discovery).  Second, the there is good cause to stay discovery as to these defendants because a stay will prevent undue burden or expense and will promote the "the just, speedy, and inexpensive determination" of the action.  *See* Fed. R. Civ. P. 1; *Tradebay,* 278 F.R.D. at 603 ("[T]his court's role is to evaluate the propriety of an order staying or limiting discovery with the goal of accomplishing the objectives of Rule 1."); *Schrader v. Wynn Las Vegas, LLC,* No. 2:19-cv-02159-JCM-BNW, 2021 U.S. Dist. LEXIS

198974, at *124 (D. Nev. Oct. 14, 2021) (good cause to stay discovery may exist to prevent undue burden or expense).

### *Defendant LVMPD*

While it appears that plaintiff claims discovery is needed to respond to the grounds upon which LVMPD moved to dismiss (*e.g.,* "Discovery will prove LVMPD targets minority for stops…"),[1] the Court finds good cause to stay discovery as to LVMPD. Good cause for staying discovery may also exist when the district court is "convinced that the plaintiff will be unable will be unable to state a claim for relief." *Wenger v. Monroe*, 282 F. 3d 1068, 1077 (9th Cir. 2002). This element borrows from the preliminary peek approach. *Flynn v. Nevada*, 345 F.R.D. 338, 344-45 (D. Nev. 2024). Having peeked at the pending dispositive briefs (ECF Nos. 28, 40, 44), the Court is convinced Mr. Mwithiga did not state and cannot state a claim for relief against LVMPD and that LVMPD will prevail on its motion to dismiss. Accordingly, there is good cause to stay discovery as to LVMPD as well.

## III.    CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that:

1.    Plaintiff's *Motion to Amend Complaint* (ECF No. 26) is **DENIED**.

2.    Defendants' *Motion to Stay Discovery* (ECF Nos. 31, 38) is **GRANTED IN PART** and discovery is stayed as to Defendants LVMPD, Sheriff McMahill, Officer Charles, and the City of Las Vegas

3.    Defendants' *Motion to Stay Discovery* (ECF Nos. 31) is **DENIED IN PART** as to Defendant Pierce.

Dated: August 1, 2024.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

---

[1] *See* ECF No. 43 at p. 12.

## <u>NOTICE</u>

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.