UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PETER MWITHIGA,<br><br>           Plaintiff,<br>vs.<br><br>OFFICER J. PIERCE, *et al.*,<br><br>           Defendants. | Case No.: 2:23-cv-01330-GMN-MDC<br><br>**ORDER GRANTING IN PART MOTIONS TO DISMISS** |

Pending before the Court is the Motion to Dismiss, (ECF No. 13), filed by Defendant City of Las Vegas. Plaintiff Peter Mwithiga filed a Response, (ECF No. 16), to which the City filed a Reply, (ECF No. 18). Also pending before the Court is the Motion to Dismiss, (ECF No. 28), filed by Defendants Las Vegas Metropolitan Police Department, ("LVMPD"), Officer Pierce, Officer Charles, and Sheriff Kevin McMahill, (collectively, "LVMPD Defendants"). Plaintiff filed a Response, (ECF No. 40), to which the LVMPD Defendants filed a Reply, (ECF No. 44). Further pending before the Court is the City's Motion to Strike, (ECF No. 24),[1] and Plaintiff's Objection to the Magistrate Judge's Order denying his Motion to Amend, (ECF No. 47).

---

[1] Plaintiff's Reply to Defendant City's Reply, (ECF No. 21), constitutes an improper sur-reply. The Federal Rules of Civil Procedure do not expressly permit the filing of a sur-reply, and this District's Local Rules do not permit sur-replies without leave of court. Instead, Local Rule 7-2(b) only allows for a motion, a response, and a reply. LR 7-2(b). Because sur-replies are discouraged, "[o]nly the most exceptional or extraordinary circumstances warrant permitting a sur-reply to be filed." *Stevens v. Prentice*, No. 2:17-cv-979, 2018 WL 3758577, at *1 (D. Nev. Aug. 8, 2018). Plaintiff did not request leave from the Court to file the sur-reply, and the Court does not find this to be an exceptional circumstance in which a sur-reply should be filed. The Court thus GRANTS the City's Motion to Strike and orders Plaintiff's sur-reply to be STRICKEN from the record.

For the following reasons, the Court GRANTS in part Defendants' Motions to Dismiss, GRANTS the City's Motion to Strike, and DENIES Plaintiff's Objection to the Magistrate Judge's Order.

I.   **BACKGROUND**

Plaintiff brings this action for several civil rights violations and state-law tort claims based on a traffic stop, an accident, and a parking citation. (*See generally* First Amended Compl. ("FAC"), ECF No. 4). Defendant Officer Pierce issued the first citation to Plaintiff after pulling him over for non-functioning brake lights. (*Id.* ¶¶ 21–28). After being issued the citation, Plaintiff went to buy bulbs but discovered that his brake lights were in fact working. (*Id.* ¶ 33). He then drove to the command station and complained that Officer Pierce targeted him based on his race. (*Id.* ¶ 1–2, 34. The detectives at the station found the brake lights to be in working order and signed "fixed" on his ticket. (*Id.* ¶ 36). Plaintiff alleges that this was done as part of a conspiracy to cover up for Officer Pierce. (*Id.* ¶ 78).

Plaintiff filed a complaint with LVMPD's Internal Affairs. (*Id.* ¶¶ 37–42). He also requested video from the intersection camera and saw that his brake lights were working in the vicinity of where he was stopped. (*Id.* ¶ 44). When he emailed the intersection camera photo, the signed ticket, and proof of insurance, the court dismissed his case. (*Id.* ¶ 46). Internal Affairs was unable to conclude whether Officer Pierce violated law or departmental policy. (*Id.* ¶ 47). Plaintiff also appealed to the Citizen Review Board, who sent him a letter of dismissal. (*Id.* ¶ 50). Plaintiff later received the bodycam video of the citation which showed his lights "barely working" on an AXION video player, but "clearly" working on a different media player. (*Id.* ¶ 52).

On October 29, 2022, Plaintiff's children were involved in a car accident that was investigated by Defendant Officer Charles. (*Id.* ¶¶ 55–56). Officer Charles did not include his

children in the accident report, so when the children went to the hospital for a check-up, insurance had no notice that the children were involved in the accident. (*Id.*).

The following month, Plaintiff received a ticket and $100 fine from the City of Las Vegas for being illegally parked. (*Id.* ¶¶ 57–58). Plaintiff appealed the fine and received a photo of his vehicle parked behind another vehicle that was blocking the street. (*Id.* ¶¶ 60–62). He put in a FOIA request for street camera video, but never received it. (*Id.* ¶¶ 63–64).

While somewhat unclear, it appears that Plaintiff brings eleven claims against Officer Pierce, five claims against Officer Charles, three claims against LVMPD, three claims against the City of Las Vegas, and one claim against Clark County. Defendants move to dismiss.

## II.     LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant

to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### III.  DISCUSSION

The Court will first evaluate the pending Motions to Dismiss, and then address Plaintiff's objection to the Magistrate Judge's order.

**A. Motion to Dismiss by City of Las Vegas**

The Defendant City moves to dismiss the FAC based on Plaintiff's alleged failure to state a plausible claim against it and for failure to effectuate proper service. (*See generally* City Mot. Dismiss, ECF No. 13). Plaintiff alleges that the parking citation he received from the City was motivated by racial discrimination and retaliation for his earlier filed complaint against Officer Pierce. (*Id.* ¶¶ 136, 139). He reasons that the City did not release the video of the parking incident because it could reveal that race was a factor in the decision to issue the parking citation. (*Id.* ¶ 13). He brings three causes of action against the City: retaliation in violation of 42 U.S.C. § 12203 (Count VI); violation of 42 U.S.C. § 1981 (Count VIII); and respondeat superior based on the actions of LVMPD Officers Pierce and Charles (Count XVI). (FAC ¶¶ 134–84). Plaintiff also seeks punitive damages against all defendants.

**1. Retaliation in Violation of 42 U.S.C. § 12203**

The City moves to dismiss Plaintiff's retaliation claim because 42 U.S.C. § 12203 is part the Americans with Disabilities Act, and the FAC does not contain allegations of an unlawful act under the ADA. (City Mot. Dismiss 7:3–20). Plaintiff responds that he cited the wrong anti-discrimination statute, but that "retaliation is implied by the nature of the charges." (Resp. to City Mot. Dismiss 3:17–4:7). Because Plaintiff brought his claim under the incorrect statute,

the Court dismisses Plaintiff's claim brought under 42 U.S.C. § 12203 with prejudice, but grants Plaintiff leave to amend his retaliation claim with the correct statute.

### 2. Violation of 42 U.S.C. § 1981

Next, the City moves to dismiss Plaintiff's 42 U.S.C. § 1981 claim because it does not provide a cause of action against state actors. (City Mot. Dismiss 7:23–8:14). The City is correct that while "[s]ection 1981 establishes substantive rights that a state actor may violate . . . [i]t does not itself contain a remedy against a state actor for such violations." *Yoshikawa v. Seguirant*, 74 F.4th 1042, 1047–48 (9th Cir. 2023). "A plaintiff seeking to enforce rights secured by § 1981 against a state actor must bring a cause of action under § 1983." *Id.* The Court thus dismisses Plaintiff's section 1981 claim but grants him leave to amend to replead his section 1981 claim as a section 1983 claim. To bring a section 1983 claim against the City, Plaintiff must specify what federal right was allegedly infringed and allege that any City actions were part of an official policy or custom of the City. *See Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) ("A government entity may not be held liable under 42 U.S.C. § 1983, unless a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights." (citing *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 694 (1978)).

### 3. Respondeat Superior

The City also moves to dismiss Plaintiff's respondeat superior claim, arguing that the City is not responsible for the acts of LVMPD or its employees. (City Mot. Dismiss 8:15–11:5). The City is correct. "As a matter of state law, the City is not responsible for the actions of LVMPD, which is an independent political subdivision of the state." *Belcher-Bey v. City of Las Vegas*, No. 2:12-cv-01829-JAD, 2014 WL 1153468, at *3 (D. Nev. Mar. 20, 2014). The LVMPD was created as an independent political subdivision in 1973 when the "legislature stated its desire 'to provide the means whereby the respective law enforcement agencies of the

cities and counties may merge . . . . '" *See Acklin v. McCarthy*, 612 P.2d 219, 221 (Nev. 1980) (quoting NRS 280.010(2)); *see also* NRS 280.280(4).  The Sheriff is authorized to "adopt such policies, procedures, rules and regulations for the administration of the department and the employees of the department as the sheriff deems appropriate." NRS 280.307.  Nevada Revised Statute 280.280(4) further emphasizes that the:

> "department is responsible for the defense of any claim and for any judgment arising out of any act or omission to act on the part of the committee, the sheriff, or any officer, employee or agent of the department, for which a political subdivision of the State may be held responsible pursuant to NRS 41.0305 to 41.039, inclusive. The department may sue or be sued with regard to these matters.

Plaintiff's allegations, accepted as true, fail to state a plausible claim against the City.  He alleges misconduct by LVMPD Officers "whose employer, LVMPD, is a separate legal entity from the City of Las Vegas." *Belcher-Bey*, 2014 WL 1153468, at *3.  Because Plaintiff's claim is based on the allegedly illegal actions of LVMPD Officers, his respondeat superior claim against the City is dismissed without leave to amend.

**4.  Proper Service**

The City also moves to dismiss for improper and untimely service. (City Mot. Dismiss 6:3–7:2).  A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under [Federal Rule of Civil Procedure ("FRCP")] 4." *Direct Mail Specialists v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988).  Under Rule 4(j)(2) of FRCP, a state or local government must be served by: "(A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant."  Nevada law requires that a copy of the summons and complaint "must be served by delivering a copy of the summons and complaint to the presiding officer of the governing

body of the political subdivision, or an agent designated by the presiding officer to receive service of process." Nev. R. Civ. P. 4.2(d)(3).

When a party brings a motion to dismiss for insufficiency of service of process under FRCP 12(b)(5), the court may choose to dismiss the action or quash service. 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1354 (3d ed. 2008). Courts have broad discretion to dismiss the action or quash service. *Id.* However, the Court should be mindful that if the defendant likely can be served, quashing service avoids duplicative action on the part of the plaintiff. *Id.* Thus, mindful that plaintiffs should not be denied their day in court because of a technical oversight, federal courts frequently retain the action and permit the plaintiff an opportunity to re-serve the plaintiff. *See Surowitz v. Hilton Hotel Corp.*, 383 U.S. 363, 373 (1966) ("[T]he basic purpose of the Federal Rules is to administer justice through fair trials, not through summary dismissals."). And, "at a minimum, good cause means excusable neglect." *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991) (cleaned up).

In this case, the City asserts that "the presiding officer of the City of Las Vegas is the mayor, who has designated the City Clerk's Office as the agent for service of process." (City Mot. Dismiss 6:22–23). But rather than serving the City Clerk's Office, Plaintiff mailed a copy of the summons and complaint to the City Manager's Office. (*Id.* 5:22–26). Plaintiff asserts that he effectuated proper service because he mailed a copy of the complaint and summons to the City Clerk. (Resp. 2:7–9). The Summons was returned executed on June 7, 2024, and it states that the summons was served on the City Clerk on June 5, 2024. (Summons, ECF No. 23).

Plaintiff did not effectuate proper service on the City. Service by mail, whether certified or otherwise, is ineffective under both federal and Nevada law. Nev. R. Civ. P. 4.2(d); *Campbell v. Gasper*, 2012 F.R.D. 139, 161 (D. Nev. 1984) ("Service by mail, even if actually effected, does not constitute personal service."). It is also unclear whether the "City Clerk"

mentioned in the Summons is the designated City Clerk's Office or the City Manager's Office. Because the Court has granted Plaintiff leave to amend two of his claims against the City, and because he is *pro se*, good cause exists to extend Plaintiff's deadline for service. Assuming Plaintiff chooses to amend, he has 30 days from the date of this Order to properly serve the City at the City Clerk's Office with the summons and his Second Amended Complaint, by personal service, following the requirements of NRCP 4.2.

### B. Motion to Dismiss by LVMPD Defendants

The LVMPD Defendants move to dismiss Plaintiff's claims against them for four reasons: (1) the FAC does not allege that Sheriff McMahill personally participated in the conduct; (2) the statute of limitations has run on the claims against Officer Pierce; (3) the FAC does not state a claim against Officer Charles, and (4) the Respondeat Superior claim does not relate to the alleged constitutional violations. (LVMPD Mot. Dismiss 2:3–15).

#### 1. Sheriff McMahill

Plaintiff alleges that Sheriff McMahill "directly or indirectly participated in the authorization, planning and supervision" of the LVMPD Officers, and that he failed to adequately train or supervise them to prevent race-based stops. (FAC ¶ 16). The LVMPD Defendants contend that the FAC does not connect Sheriff McMahill to the events at issue in this case, and thus does not demonstrate that he personally participated in, knew of, or directed the conduct of Officers Charles and Pierce. (LVMPD Mot. Dismiss 7:1–24). Plaintiff responds that the Sheriff should not be dismissed because "he directs the activities of LVMPD officers and therefore has maintained a culture that allows officers to discriminate in the cause of duty." (Resp. 2:15–17).

Supervisory officials "may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (italics in original). However, a supervisor may be held individually liable under § 1983

"only if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional deprivation." *Keates v. Koile*, 883 F.3d 1228, 1242–43 (9th Cir. 2018) (internal quotations and citation omitted). "The requisite causal connection can be established . . . by setting in motion a series of acts by others or by knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury." *Preiser v. Rodriguez*, 411 U.S. 475, 498 (1973) (alterations in original). Therefore, the claim that a supervisory official knew of unconstitutional conditions and "culpable actions of his subordinates" but failed to act amounts to "acquiescence in the unconstitutional conduct of his subordinates" and is "sufficient to state a claim of supervisory liability." *Keates*, 883 F.3d at 1243 (quoting *Starr v. Baca*, 652 F.3d 1202, 1208 (9th Cir. 2011)).

Plaintiff does not allege that the Sheriff was personally involved in his constitutional deprivation, nor does he allege sufficient facts allowing the Court to infer an otherwise causal connection. Plaintiff does not allege that Sheriff McMahill had knowledge of these incidents but acquiesced in them; rather, his allegations lean more toward a vicarious liability claim that must fail as a matter of law. *See Hansen v. Black*, 885 F.2d 642, 645–46 (9th Cir. 1989). Sheriff McMahill is therefore dismissed from the suit, but the Court GRANTS Plaintiff leave to amend to cure this deficiency. Plaintiff is further advised that he must specify the claim(s) he is alleging against Sheriff McMahill in his Second Amended Complaint.

**2. Officer Pierce**

The LVMPD Defendants also argue that all claims against Officer Pierce must be dismissed because the statutes of limitation ran before Plaintiff filed his complaint. (LVMPD Mot. Dismiss 7:25–8:20). Plaintiff brings eleven claims against Officer Pierce. Counts one, two, five, seven and fifteen are brought under section 1983, count eight alleges a violation of

section 1981, count nine alleges a Nevada constitutional violation for unreasonable seizure, and the remaining counts are Nevada state law claims for false arrest, malicious prosecution, defamation, and intentional infliction of emotional distress. (FAC ¶¶ 108–181). These claims have a two-year statute of limitations. *See Bonelli v. Grand Canyon Univ.*, 28 F.4th 948, 951 (9th Cir. 2022) (stating that the statute of limitations for federal civil rights claims under sections 1981 and 1983 is governed by the forum state's statute of limitations of personal injury actions); *see also* NRS 11.190(4)(e). The parties do not dispute the two-year statute of limitations on these claims, but rather dispute when the claims accrued.

Defendant asserts that the statute of limitations began to run when Officer Pierce stopped Plaintiff's vehicle on August 19, 2021, which was a little more than two years before his Complaint was filed on September 11, 2023. (LVMPD Mot. Dismiss 8:14–20). Plaintiff counters that the clock did not begin running until October 1, 2021, when Defendants released Officer Pierce's body cam and "Plaintiff knew with substantial certainty that brake lights were working at the point of the alleged violation," or on June 22, 2022, when the Citizen Review Board completed its investigation. (Resp. to LVMPD Mot. Dismiss 3:4–14).

"Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Tworivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). "The proper focus is upon the time of the discriminatory acts, not upon the time at which the consequences of the acts became most painful." *Abramson v. University of Hawaii*, 594 F.2d 202, 209 (9th Cir. 1979)). Similarly for state law claims, a cause of action generally accrues "when the wrong occurs and a party sustains injuries for which relief could be sought." *Petersen v. Bruen*, 792 P.2d 18, 20 (Nev. 1990). Time limits generally "do not commence and the cause of action does not 'accrue' until the aggrieved party knew, or reasonably should have known, of the facts giving rise to the damage or injury." *G & H Assocs. v. Ernest W. Hahn, Inc.*, 934 P.2d 229, 233 (Nev. 1997).

Plaintiff's claims based on the alleged unreasonable search and seizure, counts five and nine, accrued when he was "seized" by Officer Pierce. *See Bonelli*, 28 F.4th at 952 (explaining that the plaintiff knew he was wrongfully detained on the day that the incident occurred). The same rule applies to Plaintiff's section 1983 and 1981 race discrimination claims, because he "knew or had reason to know of his claimed injuries—alleged seizures of his person and property, curbing of his First Amendment rights and related retaliation, and discrimination—when those acts occurred." *Id.* at 954; *see also TwoRivers*, 174 F.3d at 991 (stating that a section 1983 discrimination claim is subject to Arizona's two-years statute of limitations for personal injury claims and "accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action"). Count seven, in which Plaintiff alleges Officer Pierce violated his due process rights by fabricating a violation to justify stopping him, would also accrue when the fabrication occurred.

Plaintiff argues that his claims did not accrue until he received the bodycam footage confirming that Officer Pierce saw that his brake lights were in fact working, and thus that was the actual date he realized he had been harmed. But courts have held against this theory, explaining that the claim accrues when the discriminatory act occurs, not when the plaintiff discovers a potential unlawful motive. *See, e.g.*, *Lukovsky v. City & Cnty. of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008) (finding that claims of race discrimination brought under sections 1983 and 1981 by job applicants accrued when the realized they had not been hired, the injury, rather than on the date they had reason to know of the employers' alleged discrimination); *Dring v. McDonnell Douglas Corp.*, 58 F.3d 1323, 1327–28 (8th Cir. 1995) (stating that the limitations period runs from date discriminatory act occurs, not when victim first perceives discriminatory motive). Plaintiff's federal claims against Officer Pierce are thus untimely and dismissed with prejudice.

The Court also dismisses Plaintiff's state law claims against Officer Pierce. First, Plaintiff's claim for false arrest under NRS 200.460 is actually a claim for false imprisonment, which begins to run when the wrong occurs and injuries are sustained. *See Wilson v. Las Vegas Metro. Police Dep't*, 498 P.3d 1278, 1281 (Nev. 2021). Plaintiff alleges that the false arrest occurred when he was stopped, and thus this claim is time barred and dismissed with prejudice. Second, Plaintiff's claims for malicious prosecution, defamation, and intentional infliction of emotional distress are based on a wrong occurring when Officer Pierce allegedly filed false charges with the court. (FAC ¶¶ 159–69). Plaintiff does not allege when this occurred, so if the charges were filed with the court on the same day the citation was issued, or before September 11, 2021, these claims are also time barred. But if the charges were filed after, Plaintiff is granted leave to amend to allege as much.

### 3. Officer Charles

Next, the LVMPD Defendants move to dismiss Plaintiff's five claims against Officer Charles for failure to state a claim. (LVMPD Mot. Dismiss 8:23–16:18). The Court will review each claim in turn.

#### i.   42 U.S.C. § 1983

The LVMPD Defendants move to dismiss Count I, a violation of 42 U.S.C. § 1983, because Plaintiff merely claims a violation of section 1983, without identifying which Constitutional right was violated. (*Id.* 8:24–9:13). The Court agrees with Defendants. Plaintiff claims damages under 42 U.S.C. § 1983 for violation of his constitutional rights, but he does not specify the federal right violated. (*See* FAC ¶¶ 108–09). "Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979)). "The first step in any such claim is to identify the

specific constitutional right allegedly infringed." *Id.* Plaintiff's section 1983 claim is therefore dismissed with leave to amend.

        ii.      *Race Discrimination in Violation of Title VI of the Civil Rights Act, 28 C.F.R. §§ 42.101 et seq, and 42 U.S.C. § 1983*

Title VI provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. Plaintiff alleges that LVMPD receives federal funding and that Officer Charles intentionally discriminated against his children based on their race. (FAC ¶¶ 115–17). The LVMPD Defendants argue that the claim should be dismissed because Plaintiff did not include facts to demonstrate that Officer Charles acted intentionally, and because his children cannot be intended beneficiaries of the LVMPD. (LVMPD Mot. Dismiss 10:10–26).

The Court finds Plaintiff's pleadings to be sufficient for this stage of litigation. To state a claim for damages under 42 U.S.C. § 2000d, *et seq.*, a plaintiff must allege that (1) the entity involved is engaging in racial discrimination; and (2) the entity involved is receiving federal financial assistance." *Fobbs v. Holy Cross Health Sys. Corp.*, 29 F.3d 1439, 1447 (9th Cir. 1994), *overruled on other grounds by Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131 (9th Cir. 2001). For Title VI claims, while the plaintiff must prove intent at trial, "it need not be pled in the complaint." *Id.* Plaintiff alleges that his children were intentionally discriminated against because of their race, and that LVMPD receives federal funding from the Department of Justice and the U.S. Department of Homeland Security. (FAC ¶¶ 91–94, 112, 116–17). Further, Defendants fail to cite authority for their proposition that Plaintiff's children cannot be intended beneficiaries of the LVMPD. The LVMPD's Motion to Dismiss Plaintiff's claim for a Title VI violation is therefore denied.

     *iii.*  *Retaliation in Violation of 42 U.S.C. § 12203*

  As the Court explained above in Section A(1), the parties again agree that Plaintiff mistakenly brought his retaliation claim under the wrong statute. (LVMPD Mot. Dismiss 11:15–27); (Resp. to LVMPD Mot. Dismiss 8:17–9:2). The Court dismisses Plaintiff's retaliation claim against LVMPD with leave to amend.

     *iv.*  *Intentional Infliction of Emotional Distress*

  The LVMPD Defendants' first argument for dismissal is that Plaintiff failed to provide timely notice of the claim. Under NRS § 41.036(2), any "person who has a claim *against any political subdivision* of the [s]tate arising out of a tort must file the claim within 2 years after the time the cause of action accrues with the governing body of that political subdivision." (emphasis added). Plaintiff's intentional infliction of emotional distress claim is brought against an individual officer, however, and not LVMPD. The Ninth Circuit has held that NRS 41.036(2) does not bar claims against individual defendants in their individual capacity. *See Scafidi v. Las Vegas Metro. Police Dep't*, 966 F.3d 960, 965 (9th Cir. 2020). And Plaintiff brings his claims against Officer Charles in both his individual and official capacities. (FAC ¶ 14). Thus, the Court denies the LVMPD Defendants' motion to dismiss this claim against Officer Charles in his individual capacity.

  The LVMPD Defendants also move to dismiss the claim for failure to plead sufficient facts. To state a claim for intentional infliction of emotional distress under Nevada law, a plaintiff must allege "(1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress, (2) the plaintiff's having suffered severe or extreme emotional distress, and (3) actual or proximate causation." *Welder v. Univ. of S. Nevada*, 833 F. Supp. 2d 1240, 1245 (D. Nev. 2011) (quoting *Dillard Dep't Stores, Inc. v. Beckwith*, 989 P.2d 882, 886 (Nev. 1999)). "[E]xtreme and outrageous conduct is that which is outside all possible bounds of decency and is regarded as utterly intolerable in a civilized

community." *Maduike v. Agency Rent–A–Car*, 953 P.2d 24, 26 (Nev. 1998) (internal quotations omitted). "Extreme and outrageous conduct also may arise from an abuse by the actor of a position, or a relation with the other, which gives him actual or apparent authority over the other, or power to affect his interests." *Chehade Refai v. Lazaro*, 614 F. Supp. 2d 1103, 1122 (D. Nev. 2009) (internal quotations omitted). When considering whether a plaintiff has sufficiently stated a claim upon which relief can be granted, "[t]he court determines whether the defendant's conduct may be regarded as extreme and outrageous so as to permit recovery, but, where reasonable people may differ, the jury [must determine] whether the conduct was extreme and outrageous enough to result in liability." *Id.* at 1121.

In the instant case, Plaintiff alleges that Officer Charles intentionally discriminated against his children by leaving them out of the accident report, and that this caused him mental anguish, suffering, and emotional distress. (FAC ¶¶ 171–76). Plaintiff's children were the only children of color in the accident, and Officer Charles' omission of them meant that their insurance company had no notice of the accident when they were brought to the hospital. (*Id.* ¶ 56). While it remains a question of fact to be resolved by the jury, the Court finds that a reasonable person could certainly conclude that it was "outside all possible bounds of decency" for Officer Charles to purposefully omit Plaintiff's children due to their race. The Motion to Dismiss is therefore denied as to the intentional infliction of emotional distress claim brought against Officer Charles in his individual capacity.

     v.  *Violation of Duty*

As for Plaintiff's last claim against Officer Charles, violation of duty, the LVMPD Defendants argue that it is not a cognizable legal theory. (LVMPD Mot. Dismiss 16:5–17). Plaintiff doesn't cite a statute in his FAC, but his Response contends that "Pursuant to NRS 289.010, law enforcement officers must adhere to a professional code of ethics, failing which they could face disciplinary action." (Resp. to LVMPD Mot. Dismiss 11:2–3). As Defendants

point out, however, NRS 298.010 only contains definitions used in Chapter 289.  The Court thus dismisses this claim with leave to amend to allow Plaintiff the chance to clarify which NRS statute Officer Charles allegedly violated.

### 4. LVMPD Respondeat Superior

Lastly, Plaintiff brings a respondeat superior claim against LVMPD as the employer of Officer Pierce and Officer Charles. (FAC ¶¶ 182–84).  Plaintiff's Response clarifies that this claim, brought pursuant to *Monell*, is based on the LVMPD's alleged targeting of minorities. (Resp. to LVMPD Mot. Dismiss 12:2–14).  In *Monell*, the Supreme Court held that "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978).  To impose *Monell* liability on a municipality under § 1983, a plaintiff must establish that: (1) they were deprived of a constitutional right; "(2) the municipality had a policy; (3) the policy amounts to deliberate indifference to [the plaintiff's] constitutional right; and (4) the policy is the moving force behind the constitutional violation." *Gordon v. Cnty. of Orange*, 6 F.4th 961, 973 (9th Cir. 2021) (internal quotation marks and citation omitted).  A plaintiff cannot prove the existence of a de facto municipal policy or custom based only on random acts or isolated events. *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1444 (9th Cir. 1989).  Rather, there must be a "widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988) (internal quotations omitted).

Here, Plaintiff's allegations against LVMPD are insufficient to establish the existence of a policy, practice, or custom of racial discrimination.  He alleges that LVMPD's drug program has a culture or custom of targeting minorities, and that an officer signing "fixed" on his ticket who knew the lights were working, the VIN number redaction, and his sightings of Metro

officers pulling over a black driver, all point to an accepted custom. (FAC ¶¶ 119, 127). Plaintiff's allegation that the LVMPD's drug program targets minorities is conclusory, and the two events he details in the FAC are not enough to demonstrate a longstanding custom or practice of racial discrimination that *caused* the officers to discriminate against him and his children. Plaintiff could sufficiently allege a claim based on one act of racial discrimination if a final policymaker created or ratified a policy of discrimination, but the FAC does not include claims against a final policymaker. Plaintiff's *Monell* claim against the LVMPD is thus dismissed with leave to amend.

### C. Objection to Magistrate Judge Order

Plaintiff moved to amend his FAC to add more claims against the City of Las Vegas after receiving a ticket on June 13, 2024. (*See generally* Mot. Amend, ECF No. 26). Plaintiff alleges that he received a citation within 10 minutes of paying a two-hour parking fee, and that the citation was issued because of his race. (*Id.*). The Magistrate Judge denied the Motion to Amend because the new allegations and claims were unrelated to the events in the FAC. (MJ Order 2:19–20). The Magistrate Judge noted that because the new parking ticket did not arise out of, or relate to, the "same transaction, occurrence, or series of transactions or occurrences" of those in his FAC, Plaintiff should file a separate complaint under a new case number. (*Id.* 3:20–24).

When reviewing the order of a magistrate judge, the order should be set aside only if the order is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); LR IB 3-1(a); 28 U.S.C. § 636(b)(1)(A); *Laxalt v. McClatchy*, 602 F. Supp. 214, 216 (D. Nev. 1985). A magistrate judge's order is "clearly erroneous" if the court has a "definite and firm conviction that a mistake has been committed." See *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *UnitedHealth Grp., Inc. v. United Healthcare, Inc.*, No. 2:14-cv-00224-

RCJ, 2014 WL 4635882, at *1 (D. Nev. Sept. 16, 2014) (citation omitted). When reviewing the order, however, the magistrate judge "is afforded broad discretion, which will be overruled only if abused." *Columbia Pictures, Inc. v. Bunnell*, 245 F.R.D. 443, 446 (C.D. Cal. 2007) (citation omitted). The district judge "may not simply substitute its judgment" for that of the magistrate judge. *Grimes v. City and Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

Under Federal Rule of Civil Procedure 15(d), a court may permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The rule is intended to give district courts broad discretion in allowing supplemental pleadings, and in deciding whether to permit a supplemental pleading, the court's focus is on judicial efficiency. *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988); *Yates v. Auto City 76*, 299 F.R.D. 611, 613 (N.D. Cal. 2013) (citing *Planned Parenthood of S. Az. v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997)). The use of supplemental pleadings is "favored" because it enables a court to award complete relief in one action "to avoid the cost, delay and waste of separate actions which must be separately tried and prosecuted." *Keith*, 858 F.2d at 473.

Plaintiff's Objection contends that his most recent ticket, on June 13, 2024, "was retaliatory race discrimination" based on the fact that he filed a suit against the City. (Obj. 6:6–12, ECF No. 47). But this argument was never presented to the Magistrate Judge, so he was unable to determine whether the new allegations would be sufficiently related to the claims in his FAC. Based on the arguments presented in Plaintiff's concise Motion to Amend, the Court cannot say that the Magistrate Judge's decision was clearly erroneous or contrary to law. Plaintiff did not explain the relation between his two parking tickets, or previously allege that the second one was issued to him in retaliation. The Court therefore DENIES Plaintiff's Objection, but in the spirit of judicial efficiency, will allow Plaintiff to supplement his claims

against the City that have been dismissed with leave to amend with facts involving the 2024 parking ticket.

## V.    CONCLUSION

**IT IS HEREBY ORDERED** that Defendant City of Las Vegas' Motion to Dismiss, (ECF No. 13), is **GRANTED.** Plaintiff is granted leave to amend his retaliation claim and 42 U.S.C. § 1981 claim. Plaintiff shall have 21 days from the date of this Order to file an amended complaint consistent with this Order. Failure to file an amended complaint by this date will result in the Court dismissing Plaintiff's claims with prejudice.

**IT IS FURTHER ORDERED** that Plaintiff has 30 days from the date of this Order to properly serve the City at the City Clerk's Office.

**IT IS FURTHER ORDERED** that the LVMPD Defendants' Motion to Dismiss, (ECF No. 28), is **GRANTED in part**. Plaintiff is granted leave to amend (1) his claim(s) against Sheriff McMahill, (2) his claims against Officer Pierce for malicious prosecution, defamation, and intentional infliction of emotional distress, (3) his claims against Officer Charles brought under 42 U.S.C. § 1983, 42 U.S.C. § 12203, and for violation of duty, and (4) his *Monell* claim against the LVMPD.

**IT IS FURTHER ORDERED** that the Motion to Strike, (ECF No. 24), is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Objection, (ECF No. 47), is **DENIED**.

**DATED** this __5__ day of December, 2024.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT