UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Peter Mwithiga,

           Plaintiff(s),

vs.

Office J Pierce, et al.,

           Defendant(s).

2:23-cv-01330-GMN-MDC

ORDER GRANTING MOTION TO STAY

Pending before the Court is defendants City of Las Vegas and Rebecca Taub's ("Taub") *Motion to Stay Discovery* ("Motion") (ECF No. 79). For the reasons stated below, the Court GRANTS the Motion.

**DISCUSSION**

I. BACKGROUND

Plaintiff alleges several civil rights violations and state-law tort claims against the City of Las Vegas ("City"), Las Vegas Metro Police Department ("LVMPD"), and its officers. The claims are based on an August 2021 traffic stop, an October 2022 accident, and a November 2022 and June 2024 parking citations.

On December 5, 2024, the district judge granted the City's and LVMPD's *Motion to Dismiss* (ECF Nos. 13, 28). *See ECF No. 52*. However, the district judge granted plaintiff limited leave to amend on the following, narrow and specific points. On December 20, 2024, plaintiff filed his Amended Complaint. *See ECF No. 55*. On January 7, 2025, defendant City of Las Vegas filed a *Motion to Strike* (ECF No. 60), arguing that plaintiff amended his complaint outside the scope permitted. On February 12, 2025, defendant Taub filed a *Motion to Dismiss* (ECF No. 73). The undersigned issued a *Report and Recommendation* (ECF No. 77), recommending that the amended complaint be stricken. On March 4, 2025, defendants Taub and City of Las Vegas filed a *Motion to Stay Discovery* (ECF No. 79), seeking to stay discovery pending resolution of the dispositive motions.

## II. LEGAL STANDARD

### A. The Court Has Inherent Discretion To Control Discovery

Federal courts have the "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936). "The district court has wide discretion in controlling discovery[.]" *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011) (citing *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988)). When considering a motion to stay discovery while a dispositive motion is pending, "this court considers the goal of Rule 1 of the Federal Rules of Civil Procedure which directs that the Rules shall 'be construed and administered to secure the just, speedy, and inexpensive determination of every action.'" *Tradebay*, 278 F.R.D. at 602 (quoting Fed. R. Civ. P. 1). Thus, the Court may consider staying discovery pursuant to its inherent powers and discretion, together with the goals pronounced by Rule 1.

### B. The Pragmatic Approach

The undersigned Magistrate Judge previously adopted the pragmatic approach when considering motions to stay discovery because a dispositive motion is pending. *Aristocrat Techs., Inc. v. Light & Wonder, Inc.*, 2024 U.S. Dist. LEXIS 90611, at *4 (D. Nev. May 21, 2024). The pragmatic approach considers only the following two elements: (1) if the dispositive motion can be decided without further discovery; and (2) good cause exists to stay discovery. *Id*.

## III. ANALYSIS

Defendants City of Las Vegas and Taub seek to stay discovery pending resolution of defendants' *Motion to Strike* (ECF No. 60) and *Motion to Dismiss* (ECF No. 73). *See ECF No. 79*. Plaintiff opposes the stay. *See ECF No. 81*. Under the pragmatic approach, the Court finds that [1] the pending *Motion to Strike* and *Motion to Dismiss* can be determined without discovery and [2] good cause exists to stay discovery.

//

### A. Discovery Is Not Needed

Discovery is not needed to resolve the *Motion to Strike* (ECF No. 60) or the *Motion to Dismiss* (ECF No. 73). Plaintiff failed to show or argue that discovery is needed to resolve either motion. Defendants City of Las Vegas and Taub's *Motion to Strike* argues that plaintiff's Amended Complaint (ECF No. 55) is beyond the scope of amendment permitted. This is an issue that can be determined without discovery. Defendant Taub's *Motion to Dismiss* (ECF No. 73) is based on (1) the scope of amended permitted and (2) issues of law, which can be determined without discovery. Therefore, this factor weighs in favor of a stay.

### B. Good Cause Exists

Good cause exists to stay discovery. The good cause element under the pragmatic approach is sufficiently broad to allow a court to operate within its discretion and the objectives of Fed. R. Civ. P. 1. For example, good cause may be found where a movant seeks to stay discovery to prevent undue burden or expense. *Schrader*, 2021 U.S. Dist. LEXIS 198974, *12; Fed. R. Civ. P. 26(c)(1). Good cause may also exist where a staying discovery secures "the just, speedy, and inexpensive determination" of the action. Fed. R. Civ. P. 1.; *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011) ("[T]his court's role is to evaluate the propriety of an order staying or limiting discovery with the goal of accomplishing the objectives of Rule 1.").

Resolution of the *Motion to Strike* would provide for a clear and concise statement of the claims against defendants. Should the Report and Recommendation (ECF No. 77) be adopted, defendants would have better notice of what claims to defendant against. This would accomplish the goals of Rule 1 and provide for a "just, speed, and inexpensive determination" of the action. *See* Fed. R. Civ. P. 1. Resolution of the *Motion to Dismiss* would potentially eliminate defendant Taub from the action entirely, which would further the objectives of Rule 1. Resolution of the pending motions would save both parties from the expenses of unnecessary discovery at this time.

//

Case 2:23-cv-01330-GMN-MDC   Document 85   Filed 03/28/25   Page 4 of 5

### C. Remaining Defendants

It appears that the remaining defendants are not seeking a stay at this time. The LVMPD defendants and plaintiff filed a *Proposed Discovery Plan and Scheduling Order* on March 25, 2025 (ECF No. 83). The Court will enter a separate order addressing the proposed discovery plan.

ACCORDINGLY,

**IT IS ORDERED that** the *Motion to Stay Discovery* (ECF No. 79) is **GRANTED** as follows:

1. Discovery is stayed as to defendants City of Las Vegas and Taub pending resolution of the *Motion to Strike* and *Motion to Dismiss.*

    a. If the *Motion to Strike* (ECF No. 60) is denied, plaintiff and defendants City of Las Vegas and/or Taub shall file a stipulated discovery plan and scheduling order within 21 days of an order denying the motion.

    b. If the *Motion to Dismiss* (ECF No. 73) is denied, plaintiff and defendants City of Las Vegas and/or Taub shall file a stipulated discovery plan and scheduling order within 21 days of an order denying the motion.

2. Discovery shall proceed as to plaintiff and defendants Pierce, Charles, McMahill, and Las Vegas Metro Police Department.

3. The Court will enter a separate order addressing the proposed discovery plan and scheduling order (ECF No. 83).

DATED this 28th day of March 2025.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

### NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk

of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.