UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

PETER MWITHIGA,

                Plaintiff,

vs.

OFFICER J. PIERCE, *et al.*,

                Defendants.

Case No.: 2:23-cv-01330-GMN-MDC

**ORDER ADOPTING REPORT AND RECOMMENDATION**

      Pending before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Maximiliano D. Couvillier III, (ECF No. 77), recommending that the Defendant City of Las Vegas's Motion to Strike the Second Amended Complaint, (ECF No. 60), be granted.[1]

      Plaintiff filed an Objection to the R&R, (ECF No. 80), to which Defendants filed a Response, (ECF No. 84). Plaintiff also filed a Reply to his Objection to the R&R, (ECF No. 87), and Defendants now move to strike the Reply as improperly filed without leave of the court, (ECF No. 88).

      Plaintiff was only granted leave to amend his First Amended Complaint on three limited bases, but he failed to cure the deficiencies and instead exceeded the Court's permission by adding a new defendant and new claims[2] against the existing Defendants without leave of Court. Accordingly, the Court ADOPTS in full the Magistrate Judge's R&R and GRANTS the Motion to Strike the Second Amended Complaint, (ECF No. 60). The Court also DENIES as

---

[1] Plaintiff filed a Response to the Motion to Strike, (ECF No. 69), to which the Defendant City filed a Reply, (ECF No. 71).

[2] Without leave of Court, Plaintiff added to his Second Amended Complaint claims for race discrimination, retaliation, due process violations, malicious prosecution, and intentional infliction of emotional distress.

moot the Defendants' Motion to Dismiss the Second Amended Complaint, (ECF No. 73), as well as Plaintiff's Motion for Partial Summary Judgment on his claims against Officer Pierce brought in his First Amended Complaint ("FAC"), (ECF No. 51).  Finally, the Court GRANTS Defendants' Motion to Strike Plaintiff's Reply, (ECF No. 88).[3]

## I.  BACKGROUND

Plaintiff, Peter Mwithiga, brings this action against the City of Las Vegas ("City"), Las Vegas Metro Police Department ("LVMPD"), and its officers for several civil rights violations and state-law tort claims based on a traffic stop, an accident, and two parking citations. (*See generally* Second Am. Compl., ("SAC"), ECF No. 55).  Regarding the traffic stop, Plaintiff alleges that Defendant Officer Pierce issued a citation to him for non-functioning brake lights. (*Id.* ¶¶ 21–28).  After being issued the citation, Plaintiff discovered his lights were working, so he decided to visit the command station, and the detectives at the station found that the brake lights were functional and signed "fixed" on his ticket. (*Id.* ¶¶ 31–36).

Next, on October 29, 2022, Plaintiff alleges his children were involved in a car accident that was investigated by Defendant Officer Charles. (*Id.* ¶¶ 50–51).  However, Officer Charles did not include Plaintiff's children in the accident report, so when the children went to the hospital for a check-up, their insurance did not have notice that the children were involved in the accident. (*Id.*).  Then, the following month, Plaintiff received a ticket and a $100.00 fine from the City for being illegally parked. (*Id.* ¶¶ 52–56).  Plaintiff appealed the fine and received a photo of his vehicle parked behind another vehicle that was blocking the street. (*Id.*).  Plaintiff put in a FOIA request for the street camera video, but never received it. (*Id.* ¶ 56).  Lastly, on June 13, 2024, Plaintiff was issued a citation by Defendant Officer Taub for exceeding the

---

[3] The Court grants the Motion to Strike pursuant to Local Rule IB 3-1(a) and Local Rule IB 3-2(a), because replies to a written objection are only allowed with leave of the court.  Plaintiff's Reply improperly raised new arguments, including res judicata.  And regardless, res judicata is inapplicable here because the Court is granting Plaintiff leave to file another amended complaint.

allotted time at a parking meter near Bonneville and 3rd Street. (*Id.* ¶ 57).

## II. LEGAL STANDARD

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); D. Nev. R. IB 3-2.  Upon the filing of such objections, the Court must make a *de novo* determination of those portions to which objections are made. *Id.*  The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. R. IB 3-2(b).

## III. DISCUSSION

The Magistrate Judge recommends granting the Motion to Strike, (ECF No. 60), because Plaintiff failed to cure the deficiencies in his First Amended Complaint, (ECF No. 4), and included amendments that are beyond the scope of this Court's order granting the Defendant City's First Motion to Dismiss, (ECF No. 52). (R&R 8:7–11, ECF No. 77).  Plaintiff's Objection claims that the R&R should be rejected by this Court because it violates procedural due process, the confrontation clause of the Constitution, and amounts to a forced forfeiture of rights.[4] (Obj. 1:11–13, ECF No. 80).  In accordance with Local Rule IB 3-2, the Court has reviewed the docket and agrees with the Magistrate Judge.

### A. Plaintiff Realleged § 1981 Claims

This Court granted Plaintiff leave to amend his initial Complaint limited to three bases: to amend his retaliation claim and 42 U.S.C. § 1981 claim against the City and to add missing facts involving the 2024 parking ticket. (*See generally* Order Granting Mot. Dismiss).

---

[4] Plaintiff exceeded the scope of amendment allowed by this Court such that granting the City's Motion to Strike Plaintiff's Second Amended Complaint is appropriate.  Plaintiff's objection is based on a misinterpretation of Magistrate Judge Couvillier's ruling.  The Magistrate Judge did not recommend dismissal or sanctions, but instead recommended striking the Second Amended Complaint and permitting Plaintiff to file a new, Third Amended Complaint, consistent with this Court's December 5, 2024, Order.  Plaintiff included amendments in his Second Amended Complaint that went beyond the scope of the amendments permitted in this Court's previous Order.

1  Plaintiff's 42 U.S.C. § 1981 claims were dismissed because § 1981 does not provide a remedy
2  against a state actor for violations of rights. (*Id.* 5:4–17).  "A plaintiff seeking to enforce rights
3  secured by § 1981 against a state actor must bring a cause of action under § 1983." *Yoshikawa*
4  *v. Seguriant*, 74 F.4th 1042, 1047–48 (9th Cir. 2023).  While § 1981 establishes substantive
5  rights that a state actor may violate, it does not itself contain a remedy against a state actor for
6  such violations. *Id*.  The Order clearly stated that Plaintiff must bring his cause of action under
7  § 1983, however, Plaintiff realleges a § 1981 claim against the City of Las Vegas and includes
8  a new § 1981 claim against a new defendant. (SAC ¶¶ 100–04).  Because Plaintiff has failed to
9  amend his claims to reflect § 1983 claims, this Court finds that Plaintiff has failed to cure the
10 defects in his FAC as identified by the Court.

**B.  Plaintiff Exceeds the Scope of the Allowed Amendment**

12  Plaintiff also exceeds the scope of the amendment authorized by the Court's Order by
13 including new claims and a new defendant, City of Las Vegas Parking Officer Taub.  Striking
14 an amended complaint is not an abuse of discretion when the amendment exceeds the scope
15 permitted by the court's order. *Lizza v. Deutsche Bank Nat'l Tr. Co.*, 714 Fed. App'x 620, 622
16 (9th Cir. 2017).  Per this Court's Order, Plaintiff was granted leave to replead his retaliation
17 claim under the correct statute and replead his 42 U.S.C. § 1981 claim as a § 1983 claim.
18 (Order Granting Mot. Dismiss 19:4–16).  Plaintiff was also permitted to supplement his claims
19 against the City with facts involving the 2024 parking ticket. (*Id.* 18:17–19:2).  Thus, Plaintiff
20 was given leave to amend his FAC on only three limited bases; he was not allowed a blanket
21 leave to add new claims or new defendants. (*Id.* 19:3–18).  Including an entirely new defendant,
22 along with several new claims, is beyond the scope of the allowed amendment.

23  Accordingly, because Plaintiff has failed to amend his FAC in accordance with this
24 Court's previous order, the Court **ADOPTS in full** the Magistrate Judge's R&R and strikes the
25 SAC, allowing Plaintiff to file a Third Amended Complaint consistent with this Order and the

Court's prior Order Granting the Defendants' First Motion to Dismiss, (ECF No. 52). The Plaintiff is advised that **no further extensions will be granted**.

### IV.    CONCLUSION

**IT IS HEREBY ORDERED** that the Report and Recommendation, (ECF No. 77), is **ADOPTED in full**.

**IT IS FURTHER ORDERED** that Plaintiff may have 21 days from the date of this Order to file a Third Amended Complaint. Failure to file a Third Amended Complaint by this date will result in the Court dismissing Plaintiff's claims with prejudice.

**IT IS FURTHER ORDERED** that the Motion to Strike the First Amended Complaint, (ECF No. 60), is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss, (ECF No. 73), and Plaintiff's Motion for Partial Summary Judgment, (ECF No. 51), are **DENIED as moot**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Strike the Reply, (ECF No. 88), is **GRANTED**.

Dated this __30__ day of April, 2025.

_____
Gloria M. Navarro, District Judge
United States District Court