**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

PETER MWITHIGA,

                Plaintiff,

vs.

OFFICER J. PIERCE, *et al.*,

                Defendants.

Case No.: 2:23-cv-01330-GMN-MDC

**ORDER**

Pending before the Court is the Partial Motion to Dismiss, (ECF No. 92), filed by Defendants Officer J. Pierce, Officer Javon Charles, Sheriff Kevin McMahill, and Las Vegas Metropolitan Police Department ("LVMPD") (collectively, "LVMPD Defendants"). Plaintiff Peter Mwithiga filed a Response, (ECF No. 95), to which the LVMPD Defendants filed a Reply, (ECF No. 97). Next pending before the Court is the Motion to Dismiss, (ECF No. 93), filed by Defendants City of Las Vegas ("City") and Officer Rebecca Taub (collectively, "City Defendants"). Plaintiff filed a Response, (ECF No. 96), to which the City Defendants filed a Reply, (ECF No. 98). Next pending before the Court is the Motion for Summary Judgment, (ECF No. 99), filed by the LVMPD Defendants. Plaintiff filed a Response, (ECF No. 114), to which the LVMPD Defendants filed a Reply, (ECF No. 120). Further pending before the Court is the Motion for Relief from Judgment, (ECF No. 104), filed by Plaintiff. The LVMPD Defendants filed a Response, (ECF No. 109), to which Plaintiff filed a Reply, (ECF No. 117). Additionally pending before the Court is the Motion for Leave to File Document, (ECF No. 105), filed by Plaintiff. The LVMPD Defendants and City Defendants filed a Response, (ECF Nos. 110, 111), and Plaintiff filed a Reply to both, (ECF Nos. 115, 116). Next pending before the Court is the Second Motion for Partial Summary Judgment filed by Plaintiff, (ECF No.

106).  The LVMPD Defendants filed a Response, (ECF No. 112), to which Plaintiff filed a Reply, (ECF No. 119).  Finally pending before the Court is the Motion to Strike LVMPD Exhibit F, (ECF No. 108), filed by Plaintiff.  The LVMPD Defendants filed a Response, (ECF No. 113), to which Plaintiff filed a Reply, (ECF No. 121).

For the reasons discussed below, the Court GRANTS LVMPD Defendants' Motion to Dismiss and City Defendants' Motion to Dismiss, and DENIES Plaintiff's Motion for Relief from Judgment, Plaintiff's Motion for Leave to File Document, LVMPD Defendants' Motion for Summary Judgment, Plaintiff's Partial Motion for Summary Judgment, and Plaintiff's Motion to Strike LVMPD Exhibit F.

I.    **BACKGROUND**

**A.  Factual Background**

Plaintiff, Peter Mwithiga, brings this action against the City, LVMPD, and its officers for several civil rights violations and state-law tort claims based on a traffic stop, an accident, and two parking citations. (*See generally* Third Am. Compl., ("TAC"), ECF No. 91). Regarding the traffic stop, Plaintiff alleges that Defendant Pierce issued a citation to him for non-functioning brake lights. (*Id.* ¶¶ 1–5).  After being issued the citation, Plaintiff discovered his lights were working, so he decided to visit the command station, and the detectives at the station found that the brake lights were functional and signed "fixed" on his ticket. (*Id.* ¶¶ 6–8).

Next, on October 29, 2022, Plaintiff alleges his children were involved in a car accident that was investigated by Defendant Charles. (*Id.* ¶¶ 25–26).  However, Officer Charles did not include Plaintiff's children in the accident report, so when the children went to the hospital for a check-up, their insurance did not have notice that the children were involved in the accident. (*Id.* ¶ 25).  Plaintiff next alleges that he received a ticket and a $100.00 fine from the City for being illegally parked. (*Id.* ¶¶ 12–23).  Plaintiff appealed the fine and received a photo of his vehicle parked behind another vehicle that was blocking the street. (*Id.* ¶¶ 15–17).  Plaintiff

demanded the street camera video, but never received it. (*Id.* ¶¶ 16–17).  Lastly, Plaintiff was issued a parking citation by Defendant Taub. (*Id.* ¶ 28–31).

### B. Procedural Background

This is the third Motion to Dismiss addressed by the Court.  The Court previously granted, in part, motions to dismiss filed by both the City Defendants and LVMPD Defendants. (Order on Mots. Dismiss, ECF No. 52).  In that Order, the Court denied the motions to dismiss with respect to (1) Plaintiff's claim for Title VI violation against the LVMPD, and (2) Plaintiff's claim for intentional infliction of emotional distress against Defendant Charles.  (*Id.* 13:23–24, 15:17–19).  The Court dismissed the following claims with prejudice: (1) Plaintiff's *respondeat superior* claim against the City, (2) all federal causes of action against Defendant Pierce as untimely, and (3) Plaintiff's false arrest claim against Defendant Pierce as untimely. (*Id.* 6:12–14, 11:23–24, 12:4–5).  The Court dismissed Plaintiff's remaining claims but granted him leave to amend on the following bases: (1) to amend his retaliation claim and 42 U.S.C. § 1981 claim against the City, (2) to add factual allegations establishing Defendant McMahill's personal involvement in the alleged deprivation of his rights, (3) to allege the date on which his claims for malicious prosecution, defamation, and intentional infliction of emotional distress against Defendant Pierce accrued, (4) to allege a constitutional violation underlying his 42 U.S.C. § 1983 claim against Defendant Charles, (5) to amend his retaliation claim against the LVMPD, (6) to amend his violation of duty claim against Defendant Charles, and (7) to add factual allegations to his *Monell* claim against the LVMPD.  (*Id.* 5:1–2, 5:9–11, 9:13–20, 12:8–11, 12:19–13:2, 14:2–5, 16:1–3, 17:5–8).

Thereafter, Plaintiff filed a Second Amended Complaint ("SAC"), asserting several new claims and adding Officer Taub as a Defendant. (*See generally* SAC, ECF No. 55).  Defendants then filed a Motion to Strike the SAC, (ECF No. 60), arguing that Plaintiff had failed to cure the deficiencies of his FAC, and that the SAC included amendments which exceeded the scope

of this Court's grant of leave to amend. (*See generally* Mot. Strike).  Magistrate Judge Couvillier entered a Report & Recommendation ("R&R") recommending that the Court grant the Motion to Strike, (*see generally* R&R, ECF No. 77), which the Court did. (Order Adopting R&R, ECF No. 90).

Plaintiff subsequently filed the TAC alleging: (1) 42 U.S.C. § 1983 claim for racial discrimination against Defendant Pierce, (2) 42 U.S.C. § 1983 claim for unlawful search and seizure against Defendant Pierce,[1] (3) intentional infliction of emotional distress against Defendant Pierce, (4) defamation against Defendant Pierce, (5) malicious prosecution and violation of Fourteenth Amendment substantive due process against Defendant Pierce, (6) race discrimination in violation of Title VI of the Civil Rights Act against Defendants LVMPD and Pierce, (7) First Amendment retaliation against LVMPD Defendants, (8) 42 U.S.C. § 1983 claim for unconstitutional policy, custom, and procedures against the LVMPD, (9) 42 U.S.C. § 1983 claim for race discrimination in violation of Title VI of the Civil Rights Act against the City, (10) First Amendment retaliation against the City and Defendant Taub, (11) intentional infliction of emotional distress against Defendant Taub, (12) denial of Fourteenth Amendment due process against the City, (13) intentional infliction of emotional distress against the City, (14) First Amendment retaliation against the City, (15) defamation against the City, (16) 42 U.S.C. § 1983 claim for violation of equal protection against Defendant Charles, and (17) intentional infliction of emotional distress against Defendant Charles. (TAC 12:1–26:5).

## II.    LEGAL STANDARD

### A.    Motion to Dismiss

Dismissal is appropriate under Federal Rule of Civil Procedure ("FRCP") 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6);

---

[1] Plaintiff's third claim is also a 42 U.S.C. § 1983 claim for unlawful search and seizure and is identical to his second claim. (*See* TAC 12:1–13:3).

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555.  Accordingly, FRCP 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).  Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

**B.  Motion for Reconsideration**

Federal Rule of Civil Procedure 60(b) permits a court to set aside its order for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud;
(4) the judgment is void;

(5) the judgment has been satisfied released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60.  The Ninth Circuit has limited the grounds for reconsideration into three primary categories: (1) newly discovered evidence; (2) the need to correct clear error or prevent manifest injustice; or (3) an intervening change in controlling law. *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001).  In general, "a motion for reconsideration should not be granted, absent highly unusual circumstances." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).  A movant may not "in any manner repeat any oral or written argument made in support of or in opposition to the original motion." *Rosenfeld v. U.S. Dep't of Justice*, 57 F.3d 803, 811 (9th Cir. 1995).  Nor may "[a] motion for reconsideration. . . be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation marks omitted).  Accordingly, a court may disregard "repeated legal arguments" and "facts that were available earlier in the proceedings." *Zimmerman,* at 255 F.3d at 740.

## III.     DISCUSSION

Defendants now move to dismiss all claims asserted against them, except for Plaintiff's claim for race discrimination in violation of Title VI of the Civil Rights Act against the LVMPD, and intentional infliction of emotional distress against Defendant Charles. (*See generally* LVMPD Mot. Dismiss, ECF No. 92); (*see generally* City Mot. Dismiss, ECF No. 93).  The LVMPD Defendants argue that Plaintiff's claims against them must be dismissed because they either have already been dismissed by the Court or fail to state a claim. (*See generally* LVMPD Mot. Dismiss).  The City Defendants argue that all claims asserted against them in the TAC exceed the scope of leave to amend granted by the Court. (City Mot. Dismiss

7:18–9:15).  The Court addresses each of Plaintiff's claims against each Defendant in turn.

### A. Defendant McMahill

It is unclear what claims Plaintiff asserts against Defendant McMahill in the TAC. Aside from introductory paragraphs where Defendant McMahill is introduced as a party, he is only mentioned within Plaintiff's § 1983 claim for unconstitutional policy, custom and procedures against Defendant LVMPD. (TAC 18:16–19:1).  To the extent that Plaintiff asserts a § 1983 claim against Defendant McMahill, the LVMPD Defendants argue that it must be dismissed because Plaintiff fails to establish that Defendant McMahill personally participated, knew of, or directed the specific conduct alleged against Defendants Pierce and Charles. (LVMPD Mot. Dismiss 9:24–26).  In his Response, Plaintiff contends because the TAC alleges that Defendant McMahill knew of Defendant Pierce and Charles's conduct, it states a claim for relief under § 1983. (Resp. to LVMPD 5:12–19, ECF No. 95).

Supervisory officials "may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  However, a supervisor may be held individually liable under § 1983 "only if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional deprivation." *Keates v. Koile*, 883 F.3d 1228, 1242–43 (9th Cir. 2018) (internal quotations and citation omitted).  "The requisite causal connection can be established . . . by setting in motion a series of acts by others or by knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury." *Preiser v. Rodriguez*, 411 U.S. 475, 498 (1973) (alterations in original). Therefore, the claim that a supervisory official knew of unconstitutional conditions and "culpable actions of his subordinates" but failed to act amounts to "acquiescence in the unconstitutional conduct of his subordinates" and is "sufficient to state a claim of supervisory

liability." *Keates*, 883 F.3d at 1243 (quoting *Starr v. Baca*, 652 F.3d 1202, 1208 (9th Cir. 2011)).

Here, Plaintiff has not pled sufficient factual allegations to state a claim to relief under § 1983 against Defendant McMahill.  Plaintiff merely asserts that, based upon unspecified "records" in Defendant McMahill's possession, he "had reasons to know" that Defendants Pierce and Charles engaged in alleged constitutional violations. (TAC 18:18–20).  Such a conclusory statement that a supervisor merely "knew or should have known" is insufficient to state a claim under § 1983 against a supervisor. *Lapachet v. Cal. Forensic Med. Grp., Inc.*, 313 F. Supp. 3d 1183, 1194 (E.D. Cal. 2018) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).  Accordingly, the Court GRANTS the LVMPD Defendants' Motion to Dismiss any § 1983 claim against Defendant McMahill.  The Court gave Plaintiff an opportunity to cure this deficiency in its Order addressing the first Motions to Dismiss. (Order on Mots. Dismiss9:18–20).  Because Plaintiff has again failed to plead facts establishing Defendant McMahill's personal involvement in the alleged violation of his constitutional rights, the Court dismisses Defendant McMahill with prejudice.

**B.  Defendant Pierce**

The LVMPD Defendants argue that all claims asserted against Defendant Pierce must be dismissed as untimely. (LVMPD Mot. Dismiss 10:15–12:4).  Plaintiff asserts seven claims against Defendant Pierce.  Claims one and two are brought under § 1983, claim five alleges a violation of substantive due process under the Fourteenth Amendment, claim six alleges racial discrimination in violation of Title VI of the Civil Rights Act, claim seven asserts a First Amendment retaliation claim, and the remaining claims are Nevada state law claims for intentional infliction of emotional distress, defamation, and malicious prosecution.[2]  The Court

---

[2] Plaintiff's claim for malicious prosecution against Defendant Pierce is included within his claim for violation of substantive due process under the Fourteenth Amendment. (*See* TAC 14:9).  However, the Court construes them as separate claims.

first addresses Plaintiff's federal claims against Defendant Pierce, and then turns to the state law claims.

### 1. Plaintiff's Federal Claims Against Defendant Pierce

LVMPD Defendants argue that all of Plaintiff's federal claims against Defendant Pierce are barred by the statute of limitations and must be dismissed. (LVMPD Mot. Dismiss 11:7–16). Plaintiff does not address this argument in his Response. (*See generally* Resp. to LVMPD). The Court previously dismissed with prejudice § 1983 claims asserted against Defendant Pierce for (1) racial discrimination, (2) unreasonable search and seizure, and (3) violation of the due process clause of the Fourteenth Amendment. (Order on Mots. Dismiss 11:1–24, ECF No. 52). Here, claims one, two, five, and six mirror those claims. (*Compare* TAC 11:4–12:11, 13:19–14:20, *with* FAC ¶¶ 108–114, 129–133, 141–144, ECF No. 4). Thus, because the Court already dismissed these claims with prejudice, the Court GRANTS LVMPD Defendants' Motion to Dismiss claims one, two, five, and six[3] with prejudice.

With respect to Plaintiff's remaining claim for First Amendment retaliation, while it is asserted against "LVMPD Defendants," the substance of the claim is directed towards Defendant Charles, not Pierce. (*See* TAC 17:3–11). Indeed, Plaintiff fails to identify any action taken by Defendant Pierce that could form the basis of a First Amendment retaliation claim. Moreover, Plaintiff did not assert a First Amendment retaliation claim in his FAC, nor did the Court grant Plaintiff leave to amend to do so. (*See generally* Order on Mots. Dismiss). Accordingly, the Court GRANTS LVMPD Defendants' Motion to Dismiss Plaintiff's First Amendment retaliation claim with respect to Defendant Pierce with prejudice.

///

///

---

[3] Claim six is asserted against both Defendant Pierce and LVMPD. Because the LVMPD Defendants only move to dismiss this claim with respect to Defendant Pierce, this claim may proceed only against Defendant LVMPD.

### 2.  Plaintiff's State Law Claims Against Defendant Pierce

The Court previously dismissed Plaintiff's claims under Nevada state law for intentional infliction of emotional distress, defamation, and malicious prosecution, but granted Plaintiff leave to amend. (*Id.* 12:1–11).  The Court explained that each of those claims were based on a wrong occurring when Defendant Pierce allegedly filed false charges with the Court. (*Id.*).  However, because Plaintiff failed to identify the date on which Defendant Pierce allegedly filed false charges, the Court was unable to determine if those claims were time barred, and granted Plaintiff leave to amend to allege the date on which those allegedly false charges were filed. (*Id.*).  Plaintiff has failed to cure this deficiency in the TAC, which still makes no mention of the date on which Defendant Pierce allegedly filed false charges. (*See generally* TAC).

In his Response to the LVMPD Defendants' Motion to Dismiss, Plaintiff states that the allegedly false charges were filed "before September 11, 2021," the date this Court identified as the statute of limitations cut-off. (Resp. to LVMPD 5:2–8).  As LVMPD Defendants point out, that admission is fatal to Plaintiff's state law claims. (LVMPD Reply 7:3–7, ECF No. 97).  Thus, the Court GRANTS LVMPD Defendants' Motion to Dismiss Plaintiff's intentional infliction of emotional distress, defamation, and malicious prosecution claims against Defendant Pierce with prejudice.

### C.  Defendant Charles

The LVMPD Defendants argue that Plaintiff's First Amendment retaliation claim and § 1983 claim for violation of the equal protection clause against Defendant Charles should be dismissed because Plaintiff fails to allege sufficient factual allegations to state a claim. (LVMPD Mot. Dismiss 12:6–13:5, 18:15–19:13).  The Court addresses each claim in turn.

### 1.  First Amendment Retaliation Claim

In his First Amendment Retaliation claim, Plaintiff alleges that Defendant Charles omitted Plaintiff's children from an accident report because Plaintiff had filed a complaint with

the LVMPD against Defendant Pierce. (TAC 5:2–4, 17:2–11).  To prevail on a First Amendment retaliation claim, a plaintiff must show that (1) he was engaged in a constitutionally protected activity, (2) the defendant's actions would chill a person of ordinary firmness from continuing to engage in the protected activity, and (3) the protected activity was a substantial or motivating factor in the defendant's conduct. *Bello-Reyes v. Gaynor*, 985 F.3d 696, 700 (9th Cir. 2021) (citing *Capp v. Cnty. of San Diego*, 940 F.3d 1046, 1053 (9th Cir. 2019)).  LVMPD Defendants assert that Plaintiff has not alleged factual allegations which show that he was chilled from continuing to engage in protected activity, nor that the protected activity was a motivating factor for Defendant Charles's omission of Plaintiff's children from the accident report. (LVMPD Mot. Dismiss 12:17–13:5).  Plaintiff does not address these arguments in his Response, and instead reiterates the allegations contained in the TAC. (Resp. to LVMPD 6:7–7:3).

Here, Plaintiff fails to plead sufficient factual allegations to state a First Amendment retaliation claim.  In order to prevail on a First Amendment retaliation claim, a plaintiff must show that the defendant's retaliatory animus was "a 'but-for' cause, meaning that the adverse action against the plaintiff would not have been taken absent the retaliatory motive." *Nieves v. Bartlett*, 587 U.S. 391, 399 (2019).  Plaintiff asserts in conclusory fashion that Defendant Charles omitted Plaintiff's children from the accident report because of the complaint filed by Plaintiff. (TAC ¶ 53).  However, Plaintiff never establishes that Defendant Charles did so out of an intent to retaliate against Plaintiff for his complaint, nor that Defendant Charles was even aware of the complaint that Plaintiff submitted.  Without more, Plaintiff cannot show that the complaint he filed against Defendant Pierce was the but-for cause of Defendant Charles's actions.  Thus, the Court GRANTS LVMPD Defendants' Motion to Dismiss this claim, but grants Plaintiff leave to amend to cure this deficiency.

///

### 2.  § 1983 Equal Protection Claim

Plaintiff next alleges that Defendant Charles violated his minor children's equal protection rights when he omitted their names from an accident report. (TAC 25:4–13, 26:5). However, Plaintiff cannot bring a vicarious Fourteenth Amendment claim for injuries suffered by his minor children.  "While a non-attorney may appear pro se on [his] own behalf, [he] has no authority to appear as an attorney for others than [himself]." *Johns v. Cnty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) (citation modified).  Thus, courts routinely dismiss claims brought by pro se litigants on behalf of others. *See, e.g.*, *Brand v. Nevada*, No. 3:25-cv-00322-ART-CLB, 2025 WL 3022200, at *2 (D. Nev. Oct. 28, 2025) (explaining that "*Johns* remains controlling Ninth Circuit law").  This general prohibition extends to non-attorneys seeking to represent their minor children or other family members. *See Buran v. Riggs*, 5 F. Supp. 3d 1212, 1215–16 (D. Nev. 2014) (explaining that the Ninth Circuit has endorsed the Tenth Circuit's position that "'under [Federal Rule of Civil Procedure] 17(c) and 28 U.S.C. § 1654, a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney.'") (quoting *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986))); *Edwards Family v. Clark Cnty*, No. 2:12-cv-01530- MMD, 2012 WL 5511667, at *5 (D. Nev. Nov. 14, 2012) ("[N]on-attorney Edwards may not pursue the matter pro se on behalf of other family members, whether individually or *in globo*.").

Here, Plaintiff cannot pursue this claim *pro se* on behalf of his children.  Thus, the Court GRANTS LVMPD Defendants' Motion to Dismiss this claim with prejudice.

### D.  Plaintiff's *Monell* Claim Against LVMPD

Plaintiff next asserts a § 1983 claim for "unconstitutional policy, custom[] and procedures" against Defendant LVMPD. (TAC 17:14–19:1).  While not explicitly labeled as such, the Court construes this as a § 1983 claim for municipal liability under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978).  LVMPD Defendants argue that Plaintiff

pleads insufficient factual allegations to state a claim under any theory of *Monell* liability. (LVMPD Mot. Dismiss 13:7–18:12).

A local government may be held liable under § 1983 under three possible theories. *Rodriguez v. Cnty. of Los Angeles*, 891 F.3d 776, 802–03 (9th Cir. 2018). First, a local government may be liable if "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflict[ed] the injury." *Monell*, 436 U.S. at 694. Second, a local government can fail to train employees in a manner that amounts to "deliberate indifference" to a constitutional right, such that "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." *City of Canton v. Harris*, 489 U.S. 378, 390 (1989). Third, a local government may be held liable if "the individual who committed the constitutional tort was an official with final policy-making authority or such an official ratified a subordinate's unconstitutional decision or action and the basis for it." *Gravelet-Blondin v. Shelton*, 728 F.3d 1086, 1097 (9th Cir. 2013) (internal quotation marks and citation omitted).

Under any of these theories, a plaintiff must show that he possessed a constitutional right of which he was deprived. *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011). Here, the allegations in the TAC are interpreted by the Court as asserting a claim for racial profiling. The Supreme Court has held that the use of racial classifications in law enforcement encounters violates the Fourteenth Amendment. *Whren v. United States*, 517 U.S. 806, 813 (1996).

Here, Plaintiff appears to invoke two theories of municipal liability under § 1983. He alleges that Defendant LVMPD is liable under § 1983 because it (1) maintained a custom of stopping people based on their race, and (2) failed to train or investigate its officers to prevent race-based stops. (TAC 17:16–17, 2:19–3:2).

### 1. Policy or Custom

The first path for *Monell* liability requires a plaintiff to show that the alleged constitutional violation was caused by a policy or custom of the municipality. *Monell*, 436 U.S. at 694.  A "custom must be so 'persistent and widespread' that it constitutes a 'permanent and well settled . . . policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) (quoting *Monell*, 436 U.S. at 691)).  "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino*, 99 F.3d at 918.  "A custom or practice can [also] be inferred from widespread practices or evidence of repeated constitutional violations for which the errant municipal officers were not discharged or reprimanded." *Hunter v. Cnty. of Sacramento*, 652 F.3d 1225, 1233–34 (9th Cir. 2011) (alteration in original).

The Court previously dismissed this claim without prejudice because Plaintiff had failed to demonstrate that the alleged custom of the LVMPD was longstanding and widespread, nor that the alleged custom was the moving force behind the alleged deprivation of Plaintiff's rights. (Order on Mots. Dismiss 16:22–17:8).  Here, Plaintiff has failed to cure this deficiency. Plaintiff alleges that the stop performed by Defendant Pierce, an officer signing "fixed" on his ticket who knew the lights were working, and LVMPD's defense of Defendant Charles over his omission of Plaintiff's children from an accident report, point to an accepted custom. (TAC 18:1–20).  But Plaintiff's allegations that LVMPD has a custom of stopping people based on their race is conclusory and is supported only with the allegations of a few sporadic instances. Indeed, "Proof of random acts or isolated events is insufficient to establish custom." *Oyenik v. Corizon Health Inc.*, 696 Fed. Appx. 792, 794 (9th Cir. 2017) (quoting *Navarro v. Block*, 72 F.3d 712, 714 (9th Cir. 1995), *as amended on denial of reh'g* (Jan. 12, 1996)).  Thus, Plaintiff fails to plead facts to support policy or custom *Monell* liability.

## 2. Failure to Train

To impose liability on a local government for failure to adequately train its employees, a plaintiff must show that the municipality exhibited deliberate indifference to the violation of their federally protected rights. *Hyun Ju Park v. City and Cnty. of Honolulu*, 952 F.3d 1136, 1141 (9th Cir. 2020) (citing *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1143 (9th Cir. 2012)). To show deliberate indifference, a plaintiff can must demonstrate that the need "'for more or different' action 'is so obvious, and the inadequacy [of existing practice] so likely to result in the violation of constitutional rights, that the policymakers" of the entity can reasonably be said to have been deliberately indifferent to that need. *Id.* (citing *City of Canton*, 489 U.S. at 390).

Here, Plaintiff also fails to plead sufficient factual allegations to establish that Defendant LVMPD exhibited deliberate indifference to the alleged violation of Plaintiff's constitutional rights. The TAC asserts only conclusory allegations that Defendant McMahill "failed to adequately train or supervise" individual officers to prevent race-based stops. (TAC 2:19–3:2). Plaintiff fails to detail why existing training procedures were deficient, or that existing training procedures were so inadequate that it was obvious that more or different training was needed to prevent constitutional violations. Without more, Plaintiff has failed to state a claim for relief under a failure to train theory of municipal liability.

Accordingly, the Court GRANTS LVMPD Defendants' Motion to Dismiss this claim. The Court previously granted Plaintiff leave to amend to cure these deficiencies. (*See* Order on Mots. Dismiss 17:7–8). Indeed, the Court granted Plaintiff leave to amend his policy or custom *Monell* theory—the Order makes no mention of a failure to train theory asserted against Defendant LVMPD. (*See id.*). Thus, because Plaintiff has again failed to cure the deficiencies with his policy or custom theory, and was not granted leave to allege a failure to train theory under *Monell*, the Court dismisses this claim with prejudice.

///

**E.  City Defendants' Motion to Dismiss**

Plaintiff asserts claims nine, twelve, thirteen, fourteen, and fifteen against Defendant City, claim eleven against Defendant Taub, and claim ten against both Defendant City and Taub. (TAC 19:3–25:2).  Plaintiff previously brought three claims against Defendant City in his FAC: a retaliation claim under 42 U.S.C. § 12203, a claim for violation of 42 U.S.C. § 1981, and a claim for respondeat superior. (FAC ¶¶ 134–40, 145–47, 182–84).  Plaintiff did not bring any claims against Defendant Taub in his FAC. (*See generally id.*).  The Court dismissed all three claims asserted against Defendant City but granted Plaintiff leave to amend to (1) reallege his retaliation claim under the correct statute, (2) reallege his § 1981 claim under § 1983, and (3) to add facts relating to his 2024 parking ticket. (Order on Mots. Dismiss 4:21–5:17, 18:24–19:2).  City Defendants now move to dismiss all claims asserted against them as exceeding the scope of the Court's leave to amend. (*See generally* City Mot. Dismiss).

### 1.  Defendant Taub

As Plaintiff concedes, he was never given leave to add new defendants to an amended complaint. (*See* Order on Mots. Dismiss 19:4–16); (Resp. to City 3:16–20, ECF No. 96).  Thus, all of Plaintiff's claims against Defendant Taub exceed the scope of the Court's grant of leave to amend and must be dismissed.  Further, while claim ten is asserted against both Defendant City and Defendant Taub, the substance of the claim is directed solely at Defendant Taub. (*See* TAC 20:17–21:7).  Accordingly, the Court GRANTS City Defendants' Motion to Dismiss claims ten and eleven with prejudice.

### 2.  Claims Against Defendant City Exceeding Scope of Leave to Amend

As the City Defendants point out, this is not the first time that the Court has considered many of Plaintiff's claims against Defendant City.  Plaintiff initially included many of the claims present in his TAC in his SAC, which the Court struck from the docket as exceeding the scope of leave to amend. (*See generally* Order Adopting R&R).  Nevertheless, Plaintiff has

realleged many of these claims in his TAC.

The Court again reminds Plaintiff that, per this Court's Order, he was not given leave to amend to add new claims or defendants to any amended complaint. (Order on Mots. Dismiss 4:21–5:17, 18:24–19:2); (Order Adopting R&R 4:21–22).  Thus, all of Plaintiff's claims against Defendant City not asserted in Plaintiff's FAC fall outside the scope of this Court's grant of leave to amend and must be dismissed.  The Court addresses each claim asserted against Defendant City in turn.

First, claim nine asserts a 42 U.S.C. § 1983 claim for race discrimination in violation of Title VI of the Civil Rights Act. (TAC 19:3–20:15).  Plaintiff's FAC did not include a claim for race discrimination asserted against Defendant City. (*See generally* FAC); (Order Adopting R&R n.2).  Further, while the Court granted Plaintiff leave to amend his § 1981 claim included in his FAC, the allegations supporting claim nine here bear no relation to the allegations contained in Plaintiff's original § 1981 claim. (*Compare* FAC ¶¶ 145–47, *with* TAC 19:3–20:15).  The Court concludes that this is a new claim which exceeds the scope of leave to amend, and GRANTS City Defendants' Motion to Dismiss claim nine with prejudice.

Second, claim twelve asserts a claim for violation of the Due Process clause of the Fourteenth Amendment against Defendant City. (TAC 21:17–22:10).  Plaintiff did not assert a claim for violation of the Due Process clause against Defendant City in his FAC, nor did the Court grant him leave to add such a claim. (*See generally* FAC); (*see* Order on Mots. Dismiss 19:4–16).  Thus, the Court GRANTS City Defendants' Motion to Dismiss claim twelve with prejudice.

Third, claim thirteen asserts a claim for intentional infliction of emotional distress against Defendant City. (TAC 22:11–23:8).  Again, Plaintiff did not assert a claim for intentional infliction of emotional distress in his FAC, nor did the Court grant him leave to do so. (*See generally* FAC); (*see* Order on Mots. Dismiss 19:4–16).  Thus, the Court GRANTS

City Defendants' Motion to Dismiss claim thirteen with prejudice.

Fourth, claim fifteen asserts a claim for defamation against Defendant City. (TAC 24:9–25:2). Once more, Plaintiff did not assert a claim for defamation against Defendant City in his FAC, nor did the Court grant him leave to do so. (*See generally* FAC); (*see* Order on Mots. Dismiss 19:4–16). Thus, the Court GRANTS City Defendants' Motion to Dismiss claim fifteen with prejudice.

### 3.  First Amendment Retaliation Claim Against Defendant City

Claim fourteen asserts a claim for First Amendment retaliation against Defendant City and an unknown parking division officer who issued him a parking citation. (TAC 23:10–24:8). Plaintiff asserted a claim for retaliation under 42 U.S.C. § 12203 in his FAC, and the Court granted Plaintiff leave to replead that claim under the proper statute. (Order on Mots. Dismiss 4:23–5:2). City Defendants argue that Plaintiff's allegations in the FAC suggest that he meant to allege race discrimination, not First Amendment retaliation. (City Reply 2:6–25, ECF No. 98). Because those are two separate claims, City Defendants argue that this claim must be dismissed. (*Id.*).

In claim fourteen, Plaintiff alleges that an unknown parking officer issued him a parking citation in retaliation for complaints Plaintiff filed against Defendant City. (TAC 23:10–24:8). While Plaintiff alleges that "race was a factor" in issuing the citation in his FAC, he does allege that the citation was issued in retaliation for claims Plaintiff filed against Defendant City. (FAC ¶¶ 136–40). Courts must construe *pro se* pleadings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Here, given that the Court granted Plaintiff leave to amend his § 12203 retaliation claim "with the correct statute," and Plaintiff's First Amendment retaliation claim in his TAC includes the same allegations as his previous § 12203 retaliation claim, the Court will consider it.[4]

---

[4] However, the Court will not permit this claim to be asserted against the "unknown parking division officer"

To prevail on a First Amendment retaliation claim, a plaintiff must show that (1) he was engaged in a constitutionally protected activity, (2) the defendant's actions would chill a person of ordinary firmness from continuing to engage in the protected activity, and (3) the protected activity was a substantial or motivating factor in the defendant's conduct. *Bello-Reyes v. Gaynor*, 985 F.3d 696, 700 (9th Cir. 2021) (citing *Capp v. Cnty. of San Diego*, 940 F.3d 1046, 1053 (9th Cir. 2019)).  Further, a plaintiff must show that the defendant's retaliatory animus was "a 'but-for' cause, meaning that the adverse action against the plaintiff would not have been taken absent the retaliatory motive." *Nieves v. Bartlett*, 587 U.S. 391, 399 (2019).

Here, Plaintiff has failed to plead sufficient factual allegations to state a claim for First Amendment retaliation.  Specifically, Plaintiff has failed to establish that his threat of legal action against the City was the but-for cause of the citation he was issued.  Plaintiff offers only conclusory allegations that the City responded to his threats of legal action by issuing the citation.  While an allegation of suspicious timing may constitute circumstantial evidence of a causal connection, it is not itself sufficient. *Williams v. Hill*, No. 1:16-cv-00540-LJO-EPG, 2019 WL 415036, at *4 (E.D. Cal. Feb. 1, 2019), *report and recommendation adopted*, No. 1:16-cv-00540-LJO-EPG, 2019 WL 13240792 (E.D. Cal. Apr. 11, 2019).  Accordingly, the Court GRANTS City Defendants' Motion to Dismiss this claim, but because amendment would not be futile, the Court grants Plaintiff one more opportunity to cure this deficiency.

### F.  Plaintiff's Motion for Relief from Judgment

Plaintiff's Motion for Relief from Judgment challenges the Court's Order Granting LVMPD and City Defendants' first Motion to Dismiss. (Mot. Relief 1:10–12, ECF No. 104). Specifically, Plaintiff argues that the Court committed clear error when it determined that Plaintiff's federal and state claims against Defendant Pierce were time-barred. (*Id.* 2:1–4:3).

---

who issued the citation, as Plaintiff did not assert the § 12203 retaliation claim in his FAC against such a defendant. (*See* FAC ¶¶ 134–40).  The "unknown officer" is a new defendant who must be dismissed.

LVMPD Defendants argue in Response that the Court did not commit clear error, and that Plaintiff's arguments are identical to those raised in opposition to the first Motion to Dismiss. (LMVPD Resp. Mot. Relief 7:23–10:3, ECF No. 109).

To prevail on a motion for relief from judgment, a party must show (1) newly discovered evidence; (2) the need to correct clear error or prevent manifest injustice; or (3) an intervening change in controlling law. *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001).  Here, Plaintiff identifies no new evidence nor an intervening change in controlling law. (*See generally* Mot. Relief).  Rather, Plaintiff argues solely that the Court committed clear error when it dismissed Plaintiff's claims against Defendant Pierce. (*Id.*).  In support of that argument, Plaintiff cites *Merck & Co. v. Reynolds*, 559 U.S. 633 (2010), for the proposition that the statute of limitations on his claims against Defendant Pierce began to run when Plaintiff received Defendant Pierce's bodycam footage on October 1, 2021. (Mot. Relief 2:16–3:18). However, as LVMPD Defendants point out, *Merck*'s holding is limited to private actions for securities fraud and is inapplicable here. 559 U.S. at 637; (LVMPD Resp. Mot. Relief 9:11–17).

Further, Plaintiff has failed to show that the Court committed clear error in its Order Granting LVMPD and City Defendants' first Motion to Dismiss.  Indeed, Plaintiff raised the arguments contained in his Motion for Relief in his opposition to those Motions to Dismiss. (*See* Resp. LVMPD First Mot. Dismiss 3:4–10, ECF No. 40).  The Court concluded that the statute of limitations on Plaintiff's claims against Defendant Pierce began to run when Plaintiff knew or had reason to know of the injury underlying his claims. (Order on Mots. Dismiss 11:1–12 (citing *TwoRivers*, 174 F.3d at 991)).  The Court rejected Plaintiff's contention that the statute of limitations began to run when he received Defendant Pierce's bodycam footage, reasoning that "the claim accrues when the discriminatory act occurs, not when the plaintiff discovers a potential unlawful motive." (*Id.* 11:15–21 (citing *Lukovsky v. City & Cnty. of San*

*Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008) (finding that claims of race discrimination brought under sections 1983 and 1981 by job applicants accrued when the realized they had not been hired, the injury, rather than on the date they had reason to know of the employers' alleged discrimination); *Dring v. McDonnell Douglas Corp.*, 58 F.3d 1323, 1327–28 (8th Cir. 1995) (stating that the limitations period runs from date discriminatory act occurs, not when victim first perceives discriminatory motive))).

Accordingly, because Plaintiff has failed to show the Court committed clear error in determining that Defendant Pierce's federal and state law claims were barred by the statute of limitations, the Court DENIES Plaintiff's Motion for Relief from Judgment.

## G. Motion for Leave to File Document

The Court next turns to Plaintiff's Motion for Leave to File Document, in which he seeks to file a fourth amended complaint. (Mot. Leave 1:13–15, ECF No. 105). Specifically, Plaintiff states that he erroneously listed the date on which he was stopped by Defendant Pierce as August 19, 2019, while the correct date is August 19, 2021. (*Id.* 1:16–19). The LVMPD and City Defendants argue that Plaintiff's Motion for Leave is untimely because the Joint Discovery Plan and Scheduling Order, (ECF No. 86), set a May 20, 2025, deadline to amend pleadings and add parties. (LVMPD Resp. Mot. Leave 8:26–9:7, ECF No. 110); (City Resp. Mot. Leave 2:10–14, ECF No. 111).

In his Replies to both Responses, Plaintiff concedes that because all claims against Defendant Pierce have been dismissed with prejudice, a change to the date on which he was allegedly stopped by Defendant Pierce would be "of no consequence." (Reply to LVMPD 1:17–19, ECF No. 116); (Reply to City 1:18–19, ECF No. 115). The Court agrees. Because all claims against Defendant Pierce have been dismissed with prejudice, the Court DENIES Plaintiff's Motion for Leave as moot.

///

**H. Motions for Summary Judgment and Motion to Strike**

The Court finally turns to the three remaining motions in this case: LVMPD Defendants' Motion for Summary Judgment, Plaintiff's Motion for Partial Summary Judgment, and Plaintiff's Motion to Strike LVMPD Exhibit F.  Because the Court grants LVMPD and City Defendants' Motions to Dismiss but grants Plaintiff leave to amend some claims, the Court DENIES LVMPD Defendants' Motion for Summary Judgment and Plaintiff's Motion for Partial Summary Judgment as moot.  Further, because Plaintiff's Motion to Strike targets an Exhibit filed by LVMPD Defendants in support of their Motion for Summary Judgment, the Court DENIES Plaintiff's Motion to Strike as moot.

IV.    **CONCLUSION**

**IT IS HEREBY ORDERED** that LVMPD Defendants' Motion to Dismiss, (ECF No. 92), is **GRANTED**.

**IT IS FURTHER ORDERED** that City Defendants' Motion to Dismiss, (ECF No. 93), is **GRANTED**.

**IT IS FURTHER ORDERED** that the following claims are **DISMISSED with prejudice:** claims one, two, three, four, five, six,[5] eight, nine, ten, eleven, twelve, thirteen, fifteen, and sixteen.

**IT IS FURTHER ORDERED** that the following claims are **DISMISSED with leave to amend:** claims seven and fourteen.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Relief from Judgment, (ECF No. 104), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Document, (ECF No. 105), is **DENIED as moot**.

---

[5] This claim is dismissed with prejudice with respect to Defendant Pierce only.  The claim may proceed against Defendant LVMPD.

**IT IS FURTHER ORDERED** that LVMPD Defendants' Motion for Summary Judgment, (ECF No. 99), is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Partial Summary Judgment, (ECF No. 106), is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike LVMPD Exhibit F, (ECF No. 108), is **DENIED as moot**.

**DATED** this __19__ day of March, 2026.

_____
Gloria M. Navarro, District Judge
United States District Court